The Honorable W. Richard Eshelman, individually and on behalf of the Judges of the Court of Common Pleas of Berks County, 23rd Judicial District, Petitioner *v.* Commissioners of the County of Berks, et al., Respondents.

Argued June 2, 1981, before President Judge CRUMLISH and Judges MENCER, BLATT, WILLIAMS, JR. and CRAIG.

*David H. Roland, Balmer, Mogel, Speidel & Roland,* for petitioner.

*Alaine S. Williams,* with her *Jonathan K. Walters* and *Richard Kirschner, Kirschner, Walters & Willig,* and *Sandra S. Christianson,* Assistant Attorney General, for respondents.

*Alexander Unkovic,* with him *Joseph A. Vater, Jr., Meyer, Unkovic & Scott,* Amicus Curiae Counsel for The Pennsylvania Conference of State Trial Judges.

OPINION BY JUDGE WILLIAMS, JR., November 6, 1981:

The Honorable W. RICHARD ESHELMAN, president judge of the Court of Common Pleas of Berks County,[1] has filed a petition for review directed alternatively to our original jurisdiction under Section 761 (a)(2) of the Judicial Code and our appellate jurisdiction under Section 763(b).[2] Since we conclude that the petitioner's action is cognizable under Section 761(a)(2), we need not consider the other asserted basis of jurisdiction.[3]

Suing on behalf of himself and all the other judges of the Berks County court, the petitioner urges us to set aside a labor arbitration award or to strike therefrom various provisions alleged to be an impermis-

---

[1] During the pendency of this case, Judge ESHELMAN was succeeded by another as president judge.

[2] 42 Pa. C. S. §§761(a)(2), 763(b).

[3] Section 761(a)(2) gives our Court original jurisdiction of civil actions "[b]y the Commonwealth government." By virtue of Section 102 of the Judicial Code, 42 Pa. C. S. §102, the term "Commonwealth government" includes "officers" of the unified judicial system. The instant petitioner, as president judge of a court of common pleas, qualified as such an officer. Therefore, as petitioner asserts, this action can be viewed as one "[b]y the Commonwealth government" under Section 761(a)(2). Accordingly, we need not address the petitioner's contention that we have, in the alternative, *appellate* jurisdiction of this case under Section 763(b).

sible encroachment upon the constitutionally ordained independence of the judiciary. Named as parties respondent are the Commissioners of the County of Berks (Commissioners); the American Federation of State, County and Municipal Employees, District Council 88, AFL-CIO (Union); and a panel of arbitrators selected by the Commissioners and the Union.

Respondent Union is the certified bargaining representative of the court-appointed employees of the Court of Common Pleas of Berks County. After failing to reach an agreement by collective bargaining, the Commissioners and the Union entered into binding arbitration pursuant to Section 805 of the Public Employe Relations Act (Act 195).[4] Arbitration hearings were held on December 5 and December 12, 1979, with the petitioner participating by his counsel. On December 27, 1979, the arbitrators entered an award.

The award included provisions seeking to govern the discharge, demotion, suspension, and discipline of employees; employee rest periods; employee leaves of absence; employee seniority; and employee classification. The award also established a grievance procedure whereby any dispute or grievance concerning a provision of the award would be subject to the binding determination of an aribtrator selected by agreement of the Commissioners and the Union.

The above provisions are the specified targets of petitioner's challenge. He asserts that these provisions of the award violate the mandate of our State Constitution for an independent judiciary, in that they encroach upon the power of judges to hire, supervise, and discharge court-appointed employees. With reference to the grievance procedure set by the award, the petitioner argues that the independence of

---

[4] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.805.

the judiciary is compromised, if not nullified, if he or the other judges are subject to the decision of an arbitrator concerning matters of employee hiring, supervision, and discharge. In sum, the petitioner argues that to let stand the provisions complained of, would be to apply Act 195 in a manner that violates the independence of the judiciary; and he asserts that such a result is not constitutionally permissible. We agree.

The Constitution of Pennsylvania establishes three separate, equal, and independent branches of government: the legislature; the executive, and the judiciary. Each branch of our state government is clothed with certain exclusive rights and powers. The courts of this Commonwealth under our Constitution have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice. *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 322 A.2d 362 (1974). The power to appoint necessary attendants upon the court is inherent in the court to enable it to perform properly the duties delegated to it by the Constitution, and it cannot be doubted that judicial power includes the authority to select persons whose services may be required in judicial proceedings or who may be required to act as the assistants of the judges in the performance of their judicial functions. *Id.*

Because the power to select judicial assistants is an inherent corollary of the judicial power itself, the power to supervise or discharge such personnel flows essentially from the same source. *Beckert v. American Federation of State, County and Municipal Employees*, 56 Pa. Commonwealth Ct. 572, 425 A.2d 859 (1981). That power may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon, or diminished by another

branch of government. *Id.* While Act 195 provides for collective bargaining for the resolution of matters involving wages and other financial terms of employment, the collective bargaining process must not infringe upon the judges' authority to select, discharge, and supervise court personnel. *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978); *Beckert, supra.*

The core defect of the provisions here challenged is that they would operate to take from the judges decisions which go to the essence of the judges' constitutional power over the hiring, supervision, and discharge of court-appointed employees. This defect is apparent in the very terms of the provision which expressly regulates the discharge, demotion, suspension and discipline of the employees. The award's provision governing employee rest periods and leaves of absence would remove from the judges' power decisions as to when an employee will be relieved or excused from performing his services for the court; in short, this provision would curtail a judge's supervisory power over the performance of services. The seniority provision embodies a system, prefixed by parties other than the judges, to determine the means of filling employment vacancies; such a provision usurps the power of judges over the hiring of court-appointed employees. The classification provision in the award is concerned with the definition of job duties; again, this is a matter that falls within the constitutional power of judges to supervise judicial employees and cannot be made the province of others. As to all of the above matters, the grievance procedure would replace the constitutional power of the judges with the decision of an independent arbitrator; therefore, the grievance provision can hardly rest on a better constitutional footing than the other provisions discussed.

It is our conclusion that the provisions here specifically challenged must be stricken from the award, and we enter an order accordingly.

ORDER

AND Now, the 6th day of November, 1981, articles (or clauses) numbered 9, 13, 28, 29, 33 and 34 of the Award of the Arbitrators in the above matter are hereby stricken.

CONCURRING OPINION BY JUDGE CRAIG:

I concur in the result here, that the constitutional doctrine of separation of powers forbids the establishment of tenure and other benefits for judiciary employees by means of an award of arbitrators, to whom such matters have been submitted by county commissioners in the course of collective bargaining. Because I dissented in *Beckert v. American Federation of State, County and Municipal Employees,* 56 Pa. Commonwealth Ct. 572, 425 A.2d 859 (1981), I am obliged to note that the situation here is distinguishable from the facts of that *Beckert* case, where the common pleas court had joined with the county commissioners in a collective bargaining agreement which established a tenure system for court employees. Here, the compulsory establishment of a tenure system for court employees, by arbitration not instituted by the court, is a very different matter.