**Sheryl BENDORF, Plaintiff,**

v.

**President Judge Richard E. McCOR-MICK, as President Judge of the 10th Judicial District, Theodore Simon, Richard Vidmer, Robert Miller as County Commissioners, Defendants.**

Civ. A. No. 86–445.

United States District Court,
W.D. Pennsylvania.

Nov. 19, 1987.

Stephen H. Jordan, Pittsburgh, Pa., for plaintiff.

Alex E. Echard, Greensburg, Pa., for all defendants except McCormick.

David R. Weyl, Administrative Office of Pa. Courts, Philadelphia, Pa., for McCormick.

OPINION

GERALD J. WEBER, District Judge.

Plaintiff filed suit alleging that she was discharged without a pre-termination hear-

ing, thereby violating her due process rights. For the reasons stated we conclude that plaintiff possesses no property interest in continued employment and summary judgment will therefore be granted in favor of all defendants.

Plaintiff was a secretary to a District Magistrate in Westmoreland County. She was appointed to the position by the then-President Judge of the County Court of Common Pleas. On March 26, 1985, plaintiff was discharged from her position by an Administrative Order of President Judge McCormick, a defendant here.

While employed in this position, plaintiff was a member of Service Employees International Union (SEIU), Local 585. The Local was the bargaining unit for various county employees, including court appointed employees such as plaintiff Bendorf. In negotiations with the County Commissioners, the Union achieved a collective bargaining agreement which covered plaintiff. That agreement created an arbitration system and, plaintiff alleges a "just cause" standard for discharge.

Plaintiff claims that the just cause provision creates a property interest invoking due process guarantees. Defendants contend that this provision was never intended to apply to court-appointed personnel such as plaintiff, but even if it did apply, it was a nullity due to limitations on legislative authority imposed by the Pennsylvania Constitution.

We find it difficult to state the applicable principles any more succinctly and accurately than the following excerpt from *Eshelman v. Commissioners of Berks County*. 62 Pa.Commw. 310, 436 A.2d 710, 712 (1981):

> The Constitution of Pennsylvania establishes three separate, equal, and independent branches of government: the legislature; the executive; and the judiciary. Each branch of our state government is clothed with certain exclusive rights and powers. The courts of this Commonwealth under our Constitution have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice. *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 322 A.2d 362 (1974). The power to appoint necessary attendants upon the court is inherent in the court to enable it to perform properly the duties delegated to it by the Constitution, and it cannot be doubted that judicial power includes the authority to select person whose services may be required in judicial proceedings or who may be required to act as assistants of the judges in the performance of their judicial functions. *Id.*

Because the power to select judicial assistants is an inherent corollary of the judicial power itself, the power to supervise or discharge such personnel flows essentially from the same source. *Beckert v. American Federation of State, County and Municipal Employees,* 56 Pa.Commwlth. 572, 425 A.2d 859 (1981). That power may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon, or diminished by another branch of government. *Id.* While Act 195 provides for collective bargaining for the resolution of matters involving wages and other financial terms of employment, the collective bargaining process must not infringe upon the judges' authority to select, discharge, and supervise court personnel. *Commonwealth ex rel Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978), *Beckert, supra.*

■ The present case presents the same problem identified in *Eshelman.* A collective bargaining agreement, arrived at through negotiations between the County Commissioners and the Union, purports to restrict the Court's power to discharge judicial personnel by imposing a just cause standard. As *Eshelman* and *Beckert v. AFSCME,* 425 A.2d 859, make clear, such provisions impinge on the constitutional independence of the judiciary and are therefore invalid.

■ Plaintiff argues that because the Common Pleas Judges raised no objections to the provision when the collective bargaining agreement was achieved, they have

at least tacitly agreed to the just cause standard. It is true that the judiciary can create a property interest in continued employment which would invoke due process protection. See, *Perri v. Aytch,* 724 F.2d 362 (3d Cir.1983) (code of conduct for employees published by court created a just cause standard for probationary employees). But in the present case, the county court has done nothing to affirmatively create a property interest in employment. The critical language was not the product of the court, but of the negotiations between the union and the county's legislative branch.

Plaintiff's argument, if adopted, would require the county judges to examine each collective bargaining agreement in each succeeding year, with all amendments and codicils, to protect their constitutional prerogative over personnel decisions. While both *Eshelman* and *Beckert* arose in that manner, there is nothing to require it. In fact, such a requirement would defeat the constitutional scheme by drawing the judiciary into the bargaining process. We therefore reject plaintiff's proposition that mere silence by the judiciary will operate to emasculate the court's constitutional authority over personnel decisions.

For the reasons stated, we conclude that the just cause provisions of the collective bargaining agreement do not apply to plaintiff, that plaintiff was an employee at will with no property interest in continued employment, and therefore no right to due process protection. Summary judgment will be granted in favor of all defendants.