548 A.2d 1306

Judges of The Court of Common Pleas of The Twenty-Seventh Judicial District: Charles G. Sweet, Thomas D. Gladden and Samuel L. Rodgers, Petitioners v. County of Washington and Patricia Beharry, County Controller, Respondents.

284

*Howland W. Abramson,* for petitioners.

*Christine A. Ward,* with her, *R. F. Wagner, Dickie, McCamey* & *Chilcote, P.C.,* for respondent.

OPINION BY JUDGE BARRY, October 11, 1988:

Before us in our original jurisdiction[1] is a petition for review filed by petitioners (the Judges) of the Twenty-Seventh Judicial District (Washington County). The

---

[1] Although the parties in their briefs have not included a statement of jurisdiction, *see* Pa. R. A. P. 2114, we have concluded that this case is properly in our original jurisdiction pursuant to Section 761(a)(2) of the Judicial Code, 42 Pa. C. S. §761(a)(2) (relating to an action by the Commonwealth government or an officer thereof). Pursuant to Section 102 of the Judicial Code, 42 Pa. C. S. §102, courts and officers of the unified judicial system are within the definition of Commonwealth government. *See also Brown v. Taylor,* 90 Pa. Commonwealth Ct. 23, 494 A.2d 29 (1985).

Judges seek by way of a motion for summary judgment an order directing the County of Washington (County) and County Controller Patricia Beharry (the Controller), to authorize payments to certain employees supervised by the Judges.[2] There are two separate factual scenarios which are pertinent and which we shall briefly describe.

On August 17, 1983, in the absence of President Judge SWEET, Judge SAMUEL RODGERS granted certain employees of the Domestic Relations Office (the Office) paid leave to permit them to pay their respects to the head of the Office because of the death of his father. Further, three of these same employees were excused for two and one-half hours the next day, on August 18, 1983, to attend the funeral. On August 23, 1983, Judge RODGERS approved the list of employees and the amount of their leave. The Controller approved payment for one and one-half hours of time but no more because, as she asserts in her brief, she believed that the amount she approved was reasonable under the circumstances. Contrary to the assertions in her brief, however, the Controller, in her answer to the petition, while apparently conceding that the time had been approved by Judge RODGERS for the employees who left work to pay their respects on August 17th, nonetheless denied that time off had been approved for the purpose of attending the funeral on August 18th.[3] She also contends that the

---

[2] The County, although a named defendant, does not contest payment in this case; in fact, it admits liability.

[3] Paragraph 10 of the petition reads:

In the absence of President Judge SWEET, on August 17, 1983, Judge SAMUEL L. RODGERS granted permission for certain of the employees of the Domestic Relations Office, hereinafter set forth, to have time off for the purpose of paying their respects at the funeral home and attending the funeral of Mr. Brady's father.

The Controller answered the petition as follows:

It is admitted that Judge SAMUEL RODGERS granted permission for certain employees of the Domestic Relations Of-

applicable collective bargaining agreement prohibited payment for the funeral leave.[4] The question we must decide is whether the Controller had the authority to deny the claims.

The other issue which we must decide pertains to Lisa B. Morris, who was a law clerk for Judge RODGERS on June 6, 1983. She was hired as a salaried employee. Ms. Morris took time off on July 21, 22, and 25 to study for the Pennsylvania bar examination and July 26 and 27 to take it. The Controller admits in her brief that Ms.

_____

fice to have time off for a specific purpose. It is denied that the time off was for the purposes of paying their respects at the funeral home and attending the funeral of Mr. Brady's father. In accord with the letter of Judge SAMUEL L. RODGERS dated August 23, 1983, and attached hereto, and marked Exhibit 1, the employees were permitted to absent themselves with pay to visit the funeral home at Monongahela, Pennsylvania, to pay their respects to his deceased father. The authorization was given to those persons who would desire to absent themselves.

The letter, which was written to the office head, with a copy sent to the controller, provided in pertinent part:

Last Wednesday morning, August 17, 1983, at the request of Ms. Betty Ross, I granted permission on behalf of the Court of Common Pleas for the employees of the Domestic Relations Division who desired to do so, to absent themselves with pay to visit the funeral home at Monongahela, Pa., to pay their respects at the bier of your deceased father.

. . . .

You have furnished me with the names and hours of our employees who paid their respects, and I have approved the list which is attached.

Although the letter does not refer specifically to those employees who attended the funeral, their names are included in the attachment.

[4] Although raising the collective bargaining agreement as a defense, the Controller has violated Pa. R.C.P. No. 1019(h) by failing to attach it to her answer.

Morris did so with Judge RODGER's permission. She was, however, compensated only for July 27. The Controller refused to compensate Ms. Morris for the other four days on the basis that County policy does not provide for payment for hours not worked.[5] We must, thus, decide whether the Controller properly denied payment to Ms. Morris.

Procedurally, this case comes to us in the posture of the Judges' motion for summary judgment. Consequently, we must determine whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Allen v. Colautti*, 53 Pa. Commonwealth Ct. 392, 417 A.2d 1303 (1980); Pa. R.C.P. No. 1035.

The Controller contends that issues of material fact exist. With respect to the funeral leave issue the Controller does not explain in her brief what factual disputes exist. Reference to her answer to the petition, however, reveals that her position is that, although employees were given time off to pay their respects on August 17, none of them were excused to attend the funeral on August 18. Additionally, she contends that Judge RODGERS, in permitting the funeral leave, acted beyond his legal authority because, pursuant to a collective bargaining agreement between County employees and the County, bereavement pay is only authorized where the deceased is an immediate family member of the employee. Despite her position that Judge RODGERS could not authorize the leave, she approved one and one-half hours of paid leave for each one because *she* believed

---

[5] This position, taken in the Controller's pleadings, does not explain why one day of time was paid. At oral argument the Controller's counsel represented to this Court that the one day of pay was a clerical mistake. This assertion is totally without support in the record and was not pled by the Controller.

such amount of compensation to be reasonable under the circumstances.

It is well settled that a collective bargaining agreement cannot interfere with the inherent power of the judiciary to hire, supervise or fire its employees. *Eshelman v. Commissioners of the County of Berks,* 62 Pa. Commonwealth Ct. 310, 436 A.2d 710 (1981), *affirmed per curiam sub nom., Eshelman v. American Federation of State, County and Municipal Employees, District Council 88,* 502 Pa. 430, 466 A.2d 1029 (1983). The concept of what is entailed in "supervision" has been defined and limited by our state Supreme Court in the recent opinion of *Pennsylvania Labor Relations Board v. American Federation of State, County and Municipal Employees,* 515 Pa. 23, 526 A.2d 769 (1987), (*PLRB*), wherein the Court determined that county commissioners had authority to bargain collectively on behalf of the judiciary on the topic of, *inter alia,* funeral leave. The Court explained that, because funeral leave concerns entitlement to pay for days not worked, it is a "purely financial" concern and, hence, within the ambit of collective bargaining. But the Court recognized that the absence of employees from their jobs could adversely impact on the administration of justice and hence held that bargaining of such rights on behalf of the judiciary could be carried out only if the commissioners first consulted with the judges.

We, nonetheless, believe that *PLRB* need not be considered in the context of the present case where the Controller alleged in her answer to the petition for review of the Judges that her nonpayment was based on a collective bargaining agreement. Pa. R.C.P. No. 1019(h) provides:

> A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a

> copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing.

As the Controller neither attached a copy of the agreement, stated why it was not accessible to her nor set forth the substance of the funeral leave provisions, we need not consider the collective bargaining agreement. *See Triage, Inc. v. Department of Transportation,* 113 Pa. Commonwealth Ct. 348, 537 A.2d 903 (1988) (a writing introduced in a manner not in accordance to a rule must be stricken).

Since the collective bargaining agreement is not a part of this case, the answer of the County becomes important. The County in paragraph 8 of its answer states, "[W]hile the Domestic Relations Department may be included in the Agreement between the Service Employees International Union (SEIU) Local 585, AFL-CIO, the powers inherent in the judicial system supersede that action and further that the Courts have the power to hire, fire and supervise their employees as the Court deems fit." (County's answer, June 9, 1986). Here we have the County, with its statutory duty to bargain for petitioners, agreeing that the question of funeral leave is a question for the petitioners and the petitioners alone.

Pursuant to Section 1702(a) of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §1702(a), the controller's duties are set forth in pertinent part as follows:

> The discretionary powers of the controller shall not be applicable to the management of the fiscal policies of the county commissioners, or to matters not involving the accounts and transactions of officers or other persons of the county,

but the controller shall refuse to authorize any fiscal transaction which is, by law, subject to his supervision or control where it appears that such transaction is not authorized by law, or has not been undertaken according to law, or has not received approval according to law, or as to which he desires upon reasonable grounds to investigate for or has already discovered any fraud, flagrant abuse of public office or any criminal act or neglect of any officer or other person of the county relating to their public accounts and transactions.

Thus, the Controller's supervision of fiscal affairs does not include the management of county business. *Beharry v. Mascara,* 101 Pa. Commonwealth Ct. 582, 516 A.2d 872 (1986); *Thayer v. McCaslin,* 314 Pa. 553, 171 A. 898 (1934).

It is admitted that Ms. Beharry approved payment of a portion of the funeral leave because she believed that portion was reasonable. This action is a further intrusion into the domain of the commissioners and the petitioners. We further believe that, since Ms. Beharry approved payment of a portion, she may not now assert in an inconsistent fashion that any payment is illegal.

With respect to the law clerk issue, we do not believe that disposition of that matter is controlled by *PLRB* inasmuch as the Controller has not pled that any collective bargaining agreement precluded payment to the law clerk. What we do find applicable is *Eshelman* which recognizes that the question of leave time of court employees is within the province of the judiciary. And, although *Eshelman* may be limited in certain circumstances by *PLRB,* such limitation can only occur where, *inter alia,* the applicability of a collective bargaining agreement is pled. The Controller argues that "county policy" precludes payment; she does not explain

what she means by this. In any event, we think that *Eshelman* dictates that a mere county policy cannot impinge upon the inherent supervisory authority of the judiciary. In challenging Judge RODGERS' authority to grant his clerk leave, the Controller has, in this case, injected herself into a managment decision which is beyond her scope of authority. *Beharry; Thayer.* Accordingly, we conclude that as a matter of law the Controller had no basis to deny payment to Ms. Morris. Therefore, we shall grant summary judgment on both issues.

### ORDER

NOW, October 11, 1988, it is hereby ordered that motion for summary judgment of the Judges of the Court of Common Pleas of the Twenty-Seventh Judicial District is granted in all respects. The Controller is ordered to issue payments to all involved employees for the sums demanded in the petition for review within thirty (30) days of this Order.

This decision was reached prior to the resignation of Judge MACPHAIL.

----

### CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

While I concur in almost all respects with the majority's well-written opinion, I write separately to dissent only from that portion which grants summary judgment to the Judges on the issue of funeral leave.

Summary judgment may only be granted where there exists no genuine issue of material fact, and while the Controller was remiss in not attaching the relevant collective bargaining agreement to her answer, *see* Pa. R.C.P. No. 1019(h), this procedural error could not supply by its omission admissions of material facts or warrant a conclusion that such facts are irrelevant. Rather than prompt this Court to deem such collective bar-

gaining agreement as irrelevant and of no consequence because of the *County's* admissions, the correct procedure to correct any such omission I believe would have been the filing of preliminary objections to the Controller's answers pursuant to Pa. R.C.P. 1017(2) for lack of conformity to a rule of court. The admissions in the answer of the County, a separate and distinct party, cannot be used as a substitute for admissions against a codefendant.

We cannot tell from the actual pleadings before us whether the Judges were consulted with respect to the terms pertaining to funeral leave. Additionally, while we believe that *Pennsylvania Labor Relations Board v. American Federation of State, County and Municipal Employees,* 515 Pa. 23, 526 A.2d 769 (1987), must be given retroactive effect, by its terms it pertains only to court appointed employees. *Id.* at 25 n.1, 526 A.2d at 770 n.1. We do not know whether the employees of the Domestic Relations Office fall within that category, and thus conclude that there are material facts missing which preclude the entry of summary judgment on this issue. Accordingly, I would deny the Judges' motion for summary judgment on the funeral leave issue and grant the parties leave to amend their pleadings.