**FIRST JUDICIAL DISTRICT OF PA., Petitioner,**

v.

**The PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1997.

Decided Nov. 12, 1997.

A. Taylor Williams, Philadelphia, for petitioner.

Pamela Darville, Asst. Chief Counsel, Philadelphia, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, FRIEDMAN and FLAHERTY, JJ.

COLINS, President Judge.

The First Judicial District Probation Department (Department) appeals by permission the order of the Pennsylvania Human Relations Commission (Commission) ruling that the Commission take jurisdiction over the underlying case brought by Christine Harkins–Hosay against the Department. The issue for review asks whether the Commission has jurisdiction over the Department in matters related to the supervision and discipline of judiciary employees. For the reasons set forth below, we reverse the order of the Commission.

Harkins-Hosay filed a complaint with the Commission alleging that a supervisor sexually harassed her. Thereafter, the supervisor was suspended for 30 days and reassigned. Harkins–Hosay complained that it was unclear as to whether the suspension and reassignment was related to the alleged sexual harassment. The Department filed a motion to dismiss the complaint for lack of jurisdiction under the doctrine of separation of powers averring the doctrine deprives the Commission of jurisdiction over employment decisions made within the judicial branch of government. Harkins–Hosay responded that through the Commission she seeks to have the Department change its policy regarding the discipline imposed on employees guilty of sexual harassment in the workplace. Harkins–Hosay asserted that because she seeks "policy changes" and not the discharge or specific discipline of an employee, the Commission could take jurisdiction over the matter. On May 27, 1997, the Commission issued an interlocutory order asserting it had jurisdiction over the Department. The Department's request for reconsideration was denied, but its request for permission to appeal the order was granted. Thus, the Commission certified the order for appeal.

Our scope of review of a Commission order is to determine whether the Commission's

adjudication was in accordance with the law, and whether there is substantial evidence in the record to support its findings. 2 Pa.C.S. Section 704.

The Commission posits that adjudicating Harkins–Hosay's complaint would not violate the separation of powers doctrine because the remedy Harkins–Hosay seeks does not infringe upon the judiciary's right to fire an employee. The Commission contends this case is similar to *Allegheny County v. Wilcox*, 76 Pa.Cmwlth. 584, 465 A.2d 47, 52 (1983), in that the issue presented involves terms and conditions of employment. We disagree.

 In *Wilcox*, this Court held that the Commission may require a court to equalize pay in a gender discrimination suit under PHRA[1] without violating the separation of powers doctrine because the Commission action did not impact on the judiciary's inherent supervisory powers. *Id.* Concluding the relief sought involved terms and conditions of employment, this Court held the Commission had jurisdiction to adjudicate the claim. However, where the complained of conduct would implicate the supervisory powers of the judiciary, it has been consistently held[2] that the separation of powers doctrine[3] deprives the Commission of jurisdiction to hear the merits of the underlying complaint. *Court of Common Pleas of Erie County v. Pennsylvania Human Relations Commission*, 546 Pa. 4, 8, 682 A.2d 1246, 1248 (1996). Moreover, regardless of how a complainant characterizes the relief sought, when a complainant requests the Commission to direct the judiciary to institute a policy regarding a hostile work environment and addressing the discipline imposed for sexual harassment in the workplace, the remedy sought implicates the supervisory function of the judiciary. Hence, the Commission is without jurisdiction to hear the matter.[4]

#### ORDER

AND NOW, this 12th day of November, 1997, the order of the Pennsylvania Human Relations Commission is reversed.

SMITH, J., dissents.

FRIEDMAN, J., concurs in the result only.

---

1. Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951–962.2.

2. See *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 322 A.2d 362 (1974); *Eshelman v. Commissioners of Berks County*, 62 Pa. Cmwlth. 310, 436 A.2d 710 (1981); *Beckert v. American Federation of State, County and Municipal Employees*, 56 Pa.Cmwlth. 572, 425 A.2d 859 (1981) affirmed, 501 Pa. 70, 459 A.2d 756 (1983);.

3. The separation of powers doctrine prohibits the legislature from exercising any powers specifical- ly entrusted to the judiciary. *Kremer v. State Ethics Commission*, 503 Pa. 358, 361, 469 A.2d 593, 595 (1983). The Pennsylvania Constitution affords the Supreme Court supervisory and administrative authority over all state courts. Pa. Const. art. V, § 10(a).

4. We note that a judicial employee is able to file an action in the court of common pleas based on the rights granted under the PHRA, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951–962.2, or, in the alternative, to bring a civil rights action in federal court under 42 U.S.C. § 2000e.