**L.J.S., Petitioner,**

v.

**STATE ETHICS COMMISSION,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1999.

Decided Jan. 13, 2000.

A. Tedd Hudock, Punxsutawney, for petitioner.

John J. Contino, Harrisburg, for respondent.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., SMITH, J., KELLEY, J., FLAHERTY, J., and LEADBETTER, J.

McGINLEY, Judge.

L.J.S. (Petitioner) seeks declaratory judgment and an injunction.[1] The State

---

1. Pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), this Court has original jurisdiction in all civil actions "against the Commonwealth government." By virtue of Section 102 of the Judicial Code, 42 Pa.C.S. § 102, the term "Commonwealth government" includes officers of the unified judicial system, commissions and agencies of the Commonwealth. Petitioner is the chief adult probation officer of a county in this Commonwealth. The State Ethics Commission was created by the General Assembly of this Commonwealth by Act of October 4, 1978, P.L. 883, repealed by the Act of October 15, 1998, P.L. 729, and re-enacted as 65 P.S. §§ 401–413, and referred to as, "The Public Official and Employee Ethics Act" (State Ethics Act).

Ethics Commission (Commission) counters with a motion for summary judgment.[2]

On February 5, 1997, the investigative division of the Commission initiated a preliminary inquiry[3] into the activities of Petitioner.[4] Petitioner challenged the Commission's jurisdiction and asserted that an investigation of a judicial officer seriously trespassed beyond the separation of powers established by the Pennsylvania Constitution. On December 27, 1997, the Commission filed a formal investigative complaint against Petitioner involving alleged violations of the conflict of interest provisions of the State Ethics Act, 65 P.S. § 403.[5] Petitioner challenges the jurisdiction of the Commission to investigate a judicial officer and contends that the Supreme Court of Pennsylvania enjoys exclusive jurisdiction in matters involving the administration of the courts and supervision of all judicial officers. Petitioner seeks a determination that the Commission lacks jurisdiction to pursue this investigation.

In 1979, Petitioner was appointed to the position of chief adult probation officer by the president judge of the court of common pleas of the county. His duties include, *inter alia*, enforcing orders of court, issuing arrest warrants, conducting preliminary probation revocation hearings and reviewing applications to conduct personal and property searches of parolees. Petitioner also has authority to determine a defendant's eligibility for a court appointed attorney in criminal cases, to establish, modify and/or waive payment of court ordered fines and fees, and to make recommendations to the court regarding sentencing, parole and furloughs.[6]

 The issue before this Court is whether a county's chief probation officer is a judicial employee, and as such, under the exclusive jurisdiction of our Pennsylvania Supreme Court, or whether Petitioner is a "public employee" which means Petitioner would be subject to the provisions of the State Ethics Act.[7]

### Separation of Powers

 The Constitution of Pennsylvania establishes three separate, equal and independent branches of government: the General Assembly, the Executive and the Judiciary. Each branch is clothed with certain exclusive rights and powers. Neither the General Assembly nor the executive branch of government, acting through an administrative agency may constitutionally infringe upon the powers or duties of the [county] judiciary. The courts of this Commonwealth under our Constitution have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice. The

2. The Administrative Office of Pennsylvania Courts (AOPC) and the County Chief Adult Probation and Parole Officer's Association of Pennsylvania filed briefs *amici curiae* in support of Petitioner's position.

3. It is undisclosed why the Commission began its investigation.

4. This Court, on February 11, 1998, on motion ordered the record in this case sealed.

5. This Section is presently codified at 65 Pa. C.S. § 1103(a).

6. Funding for Petitioner's position was approved by the county salary board.

7. Procedurally, this case comes to us in the posture of cross-motions for summary relief.

Summary judgment may be granted only in those cases where the record clearly shows that there exists no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). On a motion for summary judgment the record must be viewed in a light most favorable to the opposing party, and all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (1994). A motion for summary judgment requires a determination whether there exists a genuine issue of material fact and whether that moving party is entitled to judgment as a matter of law. *Judges of the Court of Common Pleas of the Twenty–Seventh Judicial District v. County of Washington*, 120 Pa.Cmwlth. 283, 548 A.2d 1306 (1988).

power to select judicial assistants is an inherent corollary of the judicial power itself and the power to supervise or discharge such personnel flows essentially from the same source. *Eshelman v. Commissioners of Berks County,* 62 Pa. Cmwlth. 310, 436 A.2d 710 (1981), *affirmed per curiam,* 502 Pa. 430, 466 A.2d 1029 (1983).[8] That power may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon or diminished by another branch of government. *Beckert v. American Federation of State, County and Municipal Employees,* 56 Pa.Cmwlth. 572, 425 A.2d 859 (1981).

In *Gardner v. Thomas G. Peoples, Jr., President Judge of the Court of Common Pleas of Blair County,* 506 A.2d 479 (Pa. Cmwlth.1986), this Court held that it was constitutionally impermissible for the commissioners of Blair County to impose a mandatory retirement age upon court employees. Our Pennsylvania Supreme Court recently stated that, "[a] non-judicial agency's involvement in running the courts can never survive constitutional scrutiny, for no matter how innocuous the involvement may seem, the fact remains that if an agency ... instructs a court on its employment policies, of necessity, the courts themselves are not supervising their operations." *First Judicial District of Pennsylvania v. Pennsylvania Human Relations Commission,* 556 Pa. 258, 727 A.2d 1110 (1999); citing *Eshelman.* In *First Judicial District,* our Supreme Court held that the prior practice of permitting an agency's [Human Relations Commission] involvement into some aspects of the court's policies and practices to determine whether any violation exists would no longer be acceptable because an agency has no

jurisdiction to adjudicate any complaints against the judiciary. *Id.* at 262–263, 727 A.2d at 1112.

Recently, this Court, in *Jefferson County v. Court of Common Pleas of Jefferson County,* 738 A.2d 1077 (Pa.Cmwlth.1999), reviewed a dispute over the disbursement of money from a county offender supervision fund (Fund) established pursuant to Section 477.20 of the Administrative Code of 1929 (Code), 71 P.S. § 180–7.20.[9] The Code provides for a fund generated from offender paid fees for the use of the county adult probation and parole department. The Pennsylvania Code of Regulations, 37 Pa.Code § 68.52(b), provides that "the county treasurer/chief financial officer shall disperse moneys from this fund only at the discretion of the president judge of the court of common pleas." Our General Assembly recognized that compensation may be in excess of the amount approved by the county salary boards. This Court granted summary judgment in favor of the Court of Common Pleas and determined that the fund was not to be credited to Jefferson County's general ledger. There the General Assembly legislatively acknowledged the authority of the president judge to disburse funds for the benefit of the county adult probation and parole department. This Court denied Jefferson County's request for a declaration that disbursements may not be made from the fund without approval by the county commissioners.[10]

### Our Supreme Court has Exclusive Jurisdiction over Judicial Employees

The Pennsylvania Constitution gives the Supreme Court the supervisory and ad-

---

**8.** In *Eshelman,* this Court held that an arbitrator's award pertaining to court appointed employees which included "provisions seeking to govern the discharge, demotion, suspension and discipline of employees" unconstitutionally impinged upon the independence of the judiciary. *Id.,* 436 A.2d at 712.

**9.** Act of April 9, 1929, P.L. 177, *as amended.*

**10.** The issue whether the use of the fund to provide salary bonuses to county probation and parole officers required the approval of the county salary board was not addressed because the Court determined that it did not fall within the scope of the county's petition for review or the relief requested.

ministrative authority over all state courts. Pa. Const., Article V, Section 10(a). Article V, Section 10(c) of the Constitution further provides:

> (c). The Supreme Court shall have the power to proscribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court ... including the power to provide for ... the administration of all courts and supervision of all officers of the judicial branch....

■ It is clear that the General Assembly is precluded from exercising powers entrusted to the judiciary. *Kremer v. State Ethics Commission*, 503 Pa. 358, 363, 469 A.2d 593, 595 (1983). Because our Pennsylvania Supreme Court has the sole power and responsibility to supervise the practice, procedure and the conduct of all courts, the General Assembly is precluded from exercising powers which limit the powers entrusted to the judiciary. *Maunus v. Commonwealth of Pennsylvania, State Ethics Commission*, 518 Pa. 592, 544 A.2d 1324 (1988).

### Petitioner is a Judicial Officer

■ Section 11.1(v)(A) of the Pennsylvania Code of Regulations (Pa.Code), 51 Pa. Code § 11.1(v)(A), describes parole officers as, "not generally considered public employees," and Section 11.1 of the Code, 51 Pa.Code § 11.1 (relating to public officials), defines "an appointed official in the Executive, Legislative [General Assembly] or Judicial Branch of the Commonwealth" as a public official. As the chief adult probation officer Petitioner was appointed by the president judge. He is directly responsible to the president judge and he is a judicial officer. The Pennsylvania Supreme Court, as head of the unified judiciary, has exclusive jurisdiction over all judicial appointments.

In *Matter of Antolik*, 93 Pa.Cmwlth. 258, 501 A.2d 697 (1985), this Court determined that the position of chief juvenile probation officer was a judicial position and that a county's [nepotism] rule was constitutionally inapplicable to judicial personnel, because it affected the power of the judiciary to hire, fire and supervise. *See P.J.S. v. Pennsylvania State Ethics Commission*, 555 Pa. 149, 723 A.2d 174 (1999).

### The Salary Board

■ The Commission contends that because the alleged violations generated compensation in excess of the amount approved by the county salary board, Petitioner is subject to its scrutiny. The limited function of the salary board is set out in The County Code[11] (Code). It has been described as a watchdog to act as a restraint, or check, so that county commissioners do not exercise an unbridled power to appoint at any salary they may determine. *Penksa v. Holtzman*, 153 Pa. Cmwlth. 94, 620 A.2d 632 (1993). Under Section 16 of the Code, 16 P.S. § 1620, the salary board is precluded from any responsibilities which "affect the hiring, discharging and supervising rights and obligations with respect to such employees as may be vested in the judges or other county officers."[12] In *Sweet v. County of Washington*, 120 Pa.Cmwlth. 283, 548 A.2d 1306 (1988), the county controller refused to pay certain judicial employees who were excused from work by their supervising judges. This Court granted summary judgment, directed payment and determined that the county controller could not impinge upon the inherent supervisory authority of the judiciary. *Id.* at 1309.

11. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§ 101–2901. When judicial employees are considered, the president judge of the court sits as a member of the salary board. 16 P.S. § 1625(b).

12. In 1987, our Supreme Court held that the statutory scheme for county funding of the unified judicial system of Pennsylvania was unconstitutional pursuant to Article 5, Section 1 of the Pennsylvania Constitution. *County of Allegheny v. Commonwealth of Pennsylvania*, 517 Pa. 65, 534 A.2d 760 (1987).

In the present controversy, the Commission contends that the investigation centers on the Petitioner's receipt of unauthorized compensation from a fund created by the General Assembly and generated from offender-paid fees for use of the county adult probation and parole department. In his affidavit the president judge attested:

> 4. That during my tenure all actions taken by [Petitioner] which are alleged by the State Ethics Commission to have been taken in violation of the State Ethics Act were taken with my prior knowledge and approval.

Affidavit of the President Judge, September 9, 1999, No. 4 at 3; Certified Record.

Our Supreme Court has countenanced legislative intrusion into the judicial realm if it does not interfere directly with the judiciary's authority and responsibility to control its own functions and duties. *See Lavelle v. Koch,* 532 Pa. 631, 617 A.2d 319 (1992). In *Lavelle,* the esteemed president judge of Carbon County sought to compel the salary board to fix court employees' salaries at a judicially recommended pay schedule. Our Supreme Court held if a genuine threat is established, and not a mere encroachment, to the administration of justice, the judiciary could have compelled funding by the salary board. *Citing Beckert.*

■ Here, of primary importance is whether the Commission's investigation is an impermissible intrusion into the judiciary's exclusive authority to supervise court operations. It is well settled that the General Assembly has the power to promulgate substantive law through the exercise of its police power but "even a statute enacted pursuant to the General Assembly's police power which furthers a laudable public policy must be struck down if it interferes with another co-equal branch of government." *Commonwealth v. Stern,* 549 Pa. 505, 701 A.2d 568 (1997), *citing*

*Heller v. Frankston,* 76 Pa.Cmwlth. 294, 464 A.2d 581 (1983), *affirmed,* 504 Pa. 528, 475 A.2d 1291 (1984).

#### A Judicial Officer is not Immune from Criminal Prosecution

■ Additionally, the Commission contends that throttling its investigation effectively immunizes Petitioner from criminal charges. We disagree. Our unified judiciary has provided an administrative means of supervision and regulation. A judicial officer is subject to the supervision and discipline of our Pennsylvania Supreme Court, and in the past the Court of Judicial Discipline has suspended a judicial officer without pay subject to resolution by the Judicial Conduct Board.[13] In the case, *In re: Strock,* 727 A.2d 653 (Pa.Ct.Jud. Disc.1998), judicial disciplinary proceedings were brought against Gloria M. Strock (Strock), a district justice, for alleged mishandling and personal use of monies received by the district justice office. After a determination that Strock appropriated public funds, she was removed from office and declared ineligible from holding a judicial office in the future. *Id.* at 664. Furthermore, a judicial officer is not immune from criminal prosecution, and like any citizen is subject to investigation by the proper authority for any criminal activity. *See Commonwealth of Pennsylvania v. Larsen,* 452 Pa.Super. 508, 682 A.2d 783 (1996), *petition for allowance of appeal denied,* 547 Pa. 752, 692 A.2d 564 (1997).

As yet our Pennsylvania Supreme Court has refrained from promulgating any rule or regulation regarding county probation officers, however, this does not mean it has forfeited its exclusive jurisdiction. Here, Petitioner remains under the direct supervision of the president judge. The Commission lacks jurisdiction.

Accordingly, because the Commission lacks jurisdiction, we grant Petitioner's motion for judgment on the pleadings, and

---

**13.** Because the position of county chief adult probation officer is by appointment of the president judge and not by general election the removal process is not applicable here.

deny the Commission's motion for summary judgment.[14]

### ORDER

AND NOW, this 13th day of January, 2000, the motion for judgment on the pleadings by L.J.S., petitioner, is granted, and the State Ethics Commission's motion for summary judgment is denied.

President Judge DOYLE dissents.

COLINS, Judge, concurring and dissenting.

I concur with the result reached by my learned colleague. However, I must dissent from the majority's conclusion that the petitioner is a judicial officer. Article V, Section 1 of the Pennsylvania Constitution declares that:

> The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system.

Therefore, while the petitioner is a public employee, and an employee of the judicial branch of government, he is not a judicial officer, as he has no judicial powers. Those who may be considered judicial officers are clearly delineated above. While petitioner is certainly an officer of the court, pursuant to Article V, Section 10(c), he is not a judicial officer.

Further, I would grant fees to petitioner against respondent, pursuant to the Declaratory Judgment Act, 42 Pa.C.S. § 7538.

---

**14.** Because we have determined that the State Ethics Commission has no jurisdiction, we need not rule on Petitioner's motion to strike affidavits and exhibits.