# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard D. Fegley, Diane E. Teti, Edward F. Beck, and Marvin M. Wheeler, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Lehigh County Board of Elections, Matthew T. Croslis, Doris A. Glaessmann, and Jane M. George, In their official capacity only, Chief Clerk, Lehigh County Board of Elections, Timothy A. Benyo, In his official capacity only | : : : : : : : : | No. 1905 C.D. 2014 Argued: May 4, 2015 |

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                     HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                                    FILED:  September 15, 2015

Richard D. Fegley, Diane E. Teti, Edward F. Beck, and Marvin M. Wheeler (collectively, Appellants) appeal from an order of the Court of Common Pleas of Lehigh County (common pleas court) that denied Appellants' motion for summary judgment, granted Delta Thermo Energy A, LLC's (Intervenor/Appellee) cross-motion for summary judgment, and dismissed Appellants' action.

# I. Appellants' Motion For Summary Judgment.

On June 2, 2014, Appellants petitioned for summary judgment[1] and alleged:

1. On January 10, 2013 . . . [Appellants] formed a Petitioners' Committee, signing the Petitioners' Committee Affidavit in accordance with Section 1003, Initiative and Referendum of the City of Allentown Home Rule Charter.

2. Approximately, 3,500 signatures were gathered and submitted by April 15, 2013, within the specified time frames in the City of Allentown Home Rule Charter, and were filed with the Allentown City Clerk. The petition sought a ballot question . . . .

3. Pursuant to the Pennsylvania Election Code[2], [Section 977], 25 P.S. § 2937, the petition is deemed valid unless '<u>within seven days after the last day for filing</u> said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the petition or paper be set aside.' (Emphasis in original.) [Section 977 of the Election Code,] 25 P.S. § 2937.

4. The last day to file a challenge or objection to the petition was April 22, 2013.

5. No challenge was ever filed against the petition.

6. On April 22, 2013, Earth Day, Michael Hanlon, Allentown City Clerk, notified . . . [Appellants] that the City Clerk's Office has reviewed the petitions and found

---

[1] After a status conference call with the parties and the common pleas court, it was decided that Appellants' request to place the initiative on the November 2014 ballot would be decided on Appellants' motion for summary judgment and Intervenor's cross-motion for summary judgment.

[2] Act of June 3, 1937, P.L. 133, <u>as</u> <u>amended</u>.

them to be sufficient, with 2,175 of the signatures confirmed to be valid Allentown City voters currently registered under the names and addresses provided.

7. Per Section 1007 (A) of the Allentown Home Rule Charter, Allentown City Council had 60 days in which to vote on the proposed Allentown Clean Air Ordinance[3], and upon failing to adopt the ordinance, the proposed ordinance shall be submitted to the voters of the city.

---

[3] The common pleas court succinctly summarized the Allentown Clean Air Ordinance in its October 2, 2013, opinion and order that denied Appellants' Petition for Preemptory Writ of Mandamus:

> Its purpose and intent is set forth as: 'to insure that accurate and complete information is available to the City and the general public about pollutants released from new air polluting facilities within the City of Allentown . . . and to exercise the authority granted under the Pennsylvania Air Pollution Control Act (APCA)'["Air Pollution Control Act", Act of January 8, 1960, P.L. (1959)]. It asserts that 'the City . . . finds that the Pennsylvania Department of Environmental Protection does not possess sufficient staff, funding, or resources to continuously verify compliance with applicable environmental requirements.' In its fifteen pages, the proposed ordinance is all inclusive in that it establishes standards more stringent than required by the state and the administration of an entire program of monitoring and controlling air pollution produced by new air polluting facilities. New air polluting facility is defined within the proposed ordinance as any facility, located in the City of Allentown, that commences operations after the effective date of this ordinance, which produces energy or disposes of waste by combusting a Solid Fuel or Waste or gases produced from Solid Fuel or Waste, and which is capable of processing at least one ton per day. Pursuant to the proposed ordinance, these facilities would be required to install and operate continuous emissions monitoring systems. Furthermore, the proposed ordinance establishes the monitoring requirements, data disclosure, and emissions limits. Finally, the proposed ordinance includes declaration of public nuisance; compliance orders; fees; penalties; abatement and injunctions; and citizen enforcement. (Footnotes omitted.)

Opinion of the Common Pleas Court, October 2, 2013, at 5-6.

3

8. Allentown City Council chose not to adopt the Allentown Clean Air Ordinance, or to bring it to a vote at all, and thus the Home Rule Charter mandates that the ordinance be submitted to the Allentown voters in the next municipal or general election occurring at least ninety days after final Council action, per Section 1007 (B) of the Allentown Home Rule Charter, which would be the November 2013 general election.

9. On or about August 1, 2013, the City Clerk forwarded the ordinance to the Lehigh County Board of Elections for inclusion on the November 2013 Ballot.

10. At the Lehigh County Board of Elections meeting on August 27, 2013, Delta Thermo Energy [A, LCC] [Intervenor/Appellee], through their [sic] council, presented arguments against the ordinance.

11. The Board of Elections then voted unanimously not to permit the Allentown Clean Air Ordinance to be submitted to the voters.

12. . . . On August 29, 2013, Timothy A. Benyo, Lehigh County Board of Elections Chief Clerk, wrote to the Allentown City Clerk to announce the Board's decision . . . stating that the 'City of Allentown Clean Air Ordinance, as proposed does not properly recognize and account for the Department of Environmental Protection's mandated approval role.'

13. The Board of Elections never returned the petitions as required by law. [Section 976 of the Election Code,] 25 P.S. § 2936.

14. On September 19, 2013 . . . [Appellants] herein filed an Emergency Petition for Review and Complaint in Mandamus to challenge the decision of the Lehigh County Board of Elections and moved for a Preemptory Writ.
. . . .

4

16. An interlocutory order denying . . . [Appellants'] Motion for Preemptory Writ of Mandamus was filed on September 30, 2013.

17. An appeal was taken to Commonwealth Court which dismissed the appeal since it determined the matter to be an appeal of an interlocutory order.

18. . . . [Appellants] now seek summary judgment as there are no disputes as to the material facts and the only remaining questions are matters of law involving the Pennsylvania Election Code . . . .

Plaintiffs' Motion for Summary Judgment, June 2, 2014, Paragraphs 1-14 and 16-18 at 1-3; Reproduced Record (R.R.) at 1a-3a.

On June 16, 2014, Lehigh County Board of Elections (Board of Elections) and the Chief Clerk of the Lehigh County Board of Elections (collectively, Appellees) filed an answer admitting and denying Appellants' allegations:

Further, the election for which the petitions sought to be placed on the ballot has occurred and the results certified so that the matter is now moot. The petitions are now stale. Also . . . [Appellants] raise the environmental rights amendment, Article I, §27 of the Pennsylvania Constitution, for the first time in this Motion. Thus the issue and argument regarding the same should be considered waived, or at least your Honorable Court should exercise your discretion as to applying the Supreme Court's Robinson Township [v. Commonwealth, 83 A.3d 901 (Pa. 2013)] decision due to its inapplicability or by finding that its retroactive application here would be inappropriate. . . . [Appellants] are guilty of laches by their failure to timely prosecute their actions.

5

Answer of the Lehigh County Board of Elections, Its Individual Members, and Its Chief Clerk to the Plaintiffs' Motion for Summary Judgment, June 16, 2014, Paragraph 18 at 2; R.R. at 78a.

## II. Intervenor/Appellee's Cross-Motion For Summary Judgment.

On July 1, 2014, Intervenor/Appellee responded to Appellants' motion for summary judgment and filed its cross-motion for summary judgment and memorandum of law:

> In contrast, the facts relied upon as the basis for DTE's [Intervenor's] Cross-Motion, contained in the motion record and including exhibits attached hereto, are based on undisputed facts and findings by PADEP [Pennsylvania Department of Environmental Protection] after full development of a record, including public comment and response. The law and undisputed facts demonstrate that DTE [Intervenor] is entitled to judgment as a matter of law. As discussed below, the recent decision of the Pennsylvania Supreme Court in Robinson Township does not impact this Court's previous rulings against the merits of Plaintiffs [Appellants] claims, but creates new precedent which renders unconstitutional the relief Plaintiffs [Appellants] seek. Therefore, DTE's [Intervenor's] Cross-Motion should be granted, Plaintiffs' [Appellants'] claims should be dismissed, and final judgment should be entered for Defendants [Appellees].

Intervenor Delta Thermo Energy A, LLC's Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgement and Memorandum of Law[4], July 1, 2014, at 13; R.R. at 332a.

---

[4] Intervenor stated in its cross-motion for summary judgment that "[i]n support of this response and cross-motion, DTE [Intervenor relies on the accompanying memorandum of law." Cross-Motion for Summary Relief, Paragraph 33 at 8; R.R. at 327a.

### III. Decision Of The Common Pleas Court.

The common pleas court denied Appellants' motion for summary judgment, and granted Intervenor's/Appellee's cross-motion for summary judgment:

> . . . After evaluation, the Board found that the Ordinance was preempted by the Pennsylvania Air Pollution Control Act (APCA), 35 P.S.§§4001-4106.[5] Essentially, under the law, the Board determined that even if the Ordinance were adopted it would be invalid.
>
> Plaintiffs' [Appellants'] response is concentrated on arguments that this Court has already rejected while their factual assertions are not corroborated by affidavits or any other evidence in the record that are contrary to the evidence submitted by Delta [Intervenor]. Essentially, the only issue the Plaintiffs [Appellants] raised in their motion, that this Court and the Commonwealth Court have not already rejected, is that Defendants [Appellees] failed to fulfill their duties as trustee. However, based upon Pennsylvania Constitution Article I §27, both Courts declined to put the Ordinance on the November 2013 election ballot. Furthermore, Delta [Intervenor] has shown that Plaintiffs [Appellants] have improperly relied upon Robinson Township v. Commonwealth, 83 A.2d 901 (Pa. 2013), in which the Pennsylvania Supreme Court ruled that a specific act was unconstitutional under Article I §27. Ultimately, this Court agrees with Delta [Intervenor/Appellee] that the opinion in Robinson, relied upon by Plaintiffs [Appellants], has no bearing on the APCA. Robinson does not support the relief the Plaintiffs requested and does not alter the provisions of the APCA regarding local authority and preemption. Robinson makes it clear that the relief Plaintiffs [Appellants] seek would unconstitutionally deprive the

---

[5] Act of January 8, 1960, P.L. (1959) 2119, as amended. The correct cite of the law is the "Air Pollution Control Act."

7

> Pennsylvania Department of Environmental Protection and the City of the ability to fulfill their duties as a trustee of the environmental resources of the Commonwealth, as required under Article I § 27 of the PA Constitution.
>
> Lastly, the proposed Ordinance is moot. The election for which the Ordinance was sought to be placed on the ballot has occurred and the results certified so that the matter is now moot. (Emphasis added.)

Opinion at 3 and 6.

## IV. Appellants' Issues On Appeal.

Appellants raise[6] the following issues that: 1) the common pleas court erred when it failed to liberally construe the Election Code; 2) Appellees' failure to comply with Section 977 (**Objections to nomination petition and papers**) of the Election Code, 25 P.S. § 2937, barred Appellees' challenge to the petition; 3) whether the Board Of Elections had the authority to "override" the initiative

---

[6] In Gmerek v. State Ethics Commission, 751 A.2d 1241, 1249 n.17 (Pa. Cmwlth. 2000), this Court stated:

> A motion for summary judgment may be properly granted only in those cases where the record clearly shows that there exists no outstanding issues of material fact and the moving party is entitled to judgment as a matter of law. L.J.S. v. State Ethics Commission, 744 A.2d 798 (Pa. Cmwlth. 2000). In disposing of a motion for summary judgment, the record must be viewed in a light most favorable to the opposing party, and all doubts as to the existence of a material fact must be resolved in favor of the nonmoving party. Id. Thus a motion for summary judgment requires a determination whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Casner v. American Federation of State, County and Municipal Employees, 658 A.2d 865 (Pa. Cmwlth. 1995). With these standards in mind, we consider the instant cross-motions for summary judgment . . . .

process of the Allentown Home Rule Charter (Charter)[7]; and 4) the common pleas court erred when it determined that the initiative petition was moot.

## V. Board of Elections'/Appellee's Counter Statement Of Issues On Appeal.

Board of Elections/Appellee raise the issue that Appellants' appeal of an Election Code matter was untimely and deprived this Court of jurisdiction.[8]

The Board of Elections/Appellee untimely argument must be initially addressed because if supported by the record then this Court lacks jurisdiction to address the merits of Appellants' appeal.

Section 762 (**Appeals from courts of common pleas**) of the Judicial Code, 42 Pa. C.S. § 762, provides:

> **(a) General rule.-**Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
> . . . .
> (4) Local government civil and criminal matters.
> . . . .

---

[7] Article X of the Charter provides:
**Section 1002 Initiative and Referendum**
A**.** Initiative.   The qualified voters of the City shall have the power to propose ordinances to Council.  If Council fails to adopt a proposed ordinance, the initiative process gives the qualified voters of the City the opportunity to adopt or reject the proposed ordinance at a primary, municipal or general election.  (11/6/01) (Emphasis in original.)

[8] Board of Elections/Appellee also argues, among other things, that Appellants failed to file a concise statement of errors complained on appeal which resulted in a waiver of all issues on appeal. See  Brief for Appellees/Defendants, Counter-Statement of the Questions Involved at 2.

(B) home rule charter or local ordinances or resolutions (Emphasis added.); or

(C) statutes relating to elections, campaign financing or other election procedures. (Emphasis added.)

Pa. R.A.P. 903 (Time for Appeal) provides:

**(c) Special provisions.** Notwithstanding any other provision of this rule:

(1) An appeal from any of the following orders shall be taken within ten days after the entry of the order from which the appeal is taken: (Emphasis added.) . . . .

(ii) An order in any matter arising under the Pennsylvania Election Code.[9] (Emphasis added.)

Pa. R.A.P. 108 (**Date of Entry of Orders**) provides:

**(a) General rule.**

(1) Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties . . . . (Emphasis added.)

In Gomory v. Department of Transportation, Bureau of Motor Vehicles, 704 A.2d 202, 204 (Pa. Cmwlth. 1998), this Court stated that "[p]ursuant to Pa. R.A.P. 108, a trial court's order is not 'entered' until that order has been

---

[9] Appellants do not dispute that their present appeal falls under the Election Code. In fact, a number of Appellants' arguments are based upon the Board of Elections'/Appellee's alleged violation of the Election Code.

10

entered by the Prothonotary[10] on the docket and notice of the order's entry has been given to the parties as required by Pa. R.C.P. No. 236 …." (Emphasis in original and added; citation omitted.)

A review of the record establishes that on October 3, 2014, the common pleas court entered an order that denied Appellants' motion for summary judgment and granted Appellees' cross-motion for summary judgment. See Certified Record (C.R.) at 5, Item No. 39. The common pleas court October 3, 2014, order was mailed on October 6, 2014, by the Clerk of Judicial Records of Lehigh County. See C.R. at 5. Appellants filed its appeal to the Commonwealth Court of Pennsylvania on Monday, October 20, 2014, which was four days beyond the statutory ten-day limit. See C.R. at 5, Item No. 40. Because Appellants' appeal was untimely, this Court lacks jurisdiction to entertain this appeal.[11]

---

[10] Board of Elections/Appellee states in its brief that "[u]nder the Lehigh County Home Rule Charter, as amended by referendum on November 6, 2006 and effective the first Monday of January, 2008, the office of Clerk of Judicial Records was created . . . [t]he duties of the office include, inter alia, the duties of a Prothonotary under the Judicial and County Codes." Brief for Appellees/Defendants at 14, n.4.

[11] This Court notes that Appellants never filed a reply brief to respond to Appellees' argument that Appellants' appeal was untimely. This Court also notes that Appellants never addressed the issue of whether "the Defendants [Board of Elections/Appellee] failed to fulfill their duties as trustee." See Opinion of the common pleas court at 6. Importantly, the common pleas court stated this issue was the only issue before the court.

Accordingly, Appellants' appeal is quashed.

_____
BERNARD L. McGINLEY, Judge

Judge Covey did not participate in the decision in this case.
Judge McCullough dissents and wishes merely to be so noted.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard D. Fegley, Diane E. Teti, Edward F. Beck, and Marvin M. Wheeler, | : : : | |
| Appellants | : : | |
| v. | : : | |
| Lehigh County Board of Elections, Matthew T. Croslis, Doris A. Glaessmann, and Jane M. George, In their official capacity only, Chief Clerk, Lehigh County Board of Elections, Timothy A. Benyo, In his official capacity only | : : : : : : : : | No. 1905 C.D. 2014 |

**O R D E R**

AND NOW, this 15th day of September, 2015, the appeal of Richard D. Fegley, Diane E. Teti, Edward F. Beck, and Marvin M. Wheeler (Appellants) in the above-captioned matter is quashed.

_____
BERNARD L. McGINLEY, Judge