## WESTMORELAND COUNTY

v.

## WESTMORELAND COUNTY DETECTIVES, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2007.

Decided Dec. 4, 2007.

---

Christopher J. Cimballa, Pittsburgh, for appellant.

Thomas P. Pellis, Greensburg, for appellee.

BEFORE: COLINS, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Appellant Westmoreland County Detectives Association (Detectives) appeal from an order of the Court of Common Pleas of Westmoreland County (Trial Court) that granted the Petition to Strike and Modify an arbitration award filed by Appellee Westmoreland County (County). In granting County's Petition, the Trial Court concomitantly ordered that a "Just Cause Clause" contained within the contested arbitration award be stricken. We affirm.

In 2004, County and Detectives commenced collective bargaining pursuant to the Act of June 24, 1968, P.L. 237, *as amended*, 43 §§ P.S. 217.1–217.10 (commonly and hereinafter referred to as Act 111), towards the goal of negotiating a Collective Bargaining Agreement (CBA) to be effective January 1, 2005, through December 31, 2007.[1] The parties reached an

---

1. Most generally stated, Act 111 provides protections for policemen and firemen publicly employed within Pennsylvania, and further authorizes collective bargaining and binding arbitration between bargaining units and their public employers. Section 1 of Act 111 provides police with the following collective bargaining rights:

Policemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including

impasse, and proceeded to interest arbitration under Act 111.[2] The arbitration panel consisted of arbitrator Charles A. Dominick for the County, arbitrator Eric C. Stoltenberg for the Detectives, and arbitrator Ronald F. Talarico as the impartial chairman of the Arbitration Board (Board).

On March 15, 2005, an evidentiary hearing was held before the Board at which both parties were present and offered testimony, evidence and argument. The Board held executive sessions thereafter, and ultimately Board Chairman Talarico issued a proposed Arbitration Award including the following Just Cause Clause, found at Section 4 of the Award:

> No member of the Detective bargaining unit shall be discharged, demoted, suspended, reprimanded or otherwise disciplined without a sufficient just cause basis for such discharge, demotion, suspension, reprimand or other such discipline.

Reproduced Record (R.R.) at 18a–19a.

County Arbitrator Dominick objected to the Just Cause Clause (hereinafter, the Clause) on the basis that it violated the rights guaranteed to county officials under Section 1620 of the County Code.[3] The District Attorney is the county official charged with the supervisory and discharge powers under Section 1620 in the instant matter, and that office had expressly reserved those rights notwithstanding the ongoing bargaining process. R.R. at 22a. On September 15, 2005, Arbitrator Dominick communicated his objection to the Clause[4] via letter to Chairman Talarico. Per Arbitrator Dominick's request, the Award was certified to enable appeal thereof.

On October 3, 2005, County filed the Petition to Strike and Modify Arbitration Award (Petition) at issue, which Detectives timely answered. The matter was subsequently briefed and argued by the parties in the Trial Court. In brief summation, the County argued that the Board Chairman exceeded the scope of his jurisdiction and power in issuing the Award, as the Clause infringed upon the District Attor-

---

compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.
43 § P.S. 217.1.

2. An arbitration panel has broad, but not unlimited, authority to decide issues between the parties. The panel's jurisdiction is limited, and cannot reach beyond the scope of bargaining as defined by Act 111: "Under Act 111, a matter is deemed a mandatory subject of bargaining if it bears a rational relationship to the employees' duties." *Plumstead Township v. Pennsylvania Labor Relations Board*, 713 A.2d 730 (Pa.Cmwlth.1998).

3. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1620. Section 1620 reads:

The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, that with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. **The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.**
16 P.S. § 1620 (emphasis added).

4. Absent Section 4's Clause, the remaining provisions of the Award have been integrated into the parties' CBA and fully implemented.

ney's power to supervise its employees. County asserted that the parties had no power to voluntarily agree to, and the Board therefore had no power to address, the limits on the District Attorney's employee supervision/discharge authority as granted by Section 1620 of the County Code.

By order dated November 7, 2006, the Trial Court granted County's Petition, striking the Just Cause Clause of Section 4 from the Award. Detectives now timely appeal from that order.

■ When reviewing an interest arbitration award issued under the authority of statutes governing collective bargaining by policemen or firemen, this Court's standard of review is limited to consideration of: (1) the arbitrator's jurisdiction; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers, and; (4) the deprivation of constitutional rights. *Schuylkill Haven Borough v. Schuylkill Haven Police Officers Association,* 914 A.2d 936 (Pa.Cmwlth.2006).

■ Detectives present for review two interrelated issues: 1.) whether matters of discipline are mandatory subjects of bargaining, and thus were within the power of the Board in its inclusion of the Just Cause Clause, and; 2.) whether, therefore, the Trial Court erred in striking the Just Cause Clause from the Arbitration Award. We will address Detectives' two stated issues together.

Relying primarily upon its interpretation of *Lehigh County v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 489 A.2d 1325 (1985), Detectives argue that Section 1620 first establishes that the County Commissioners shall serve as the sole collective bargaining agent for county officers, and secondly reserves to those officers the ability to control the hiring, discharging, and supervision of their employees. This does not, Detectives correctly assert, mean that the permissible subjects of bargaining are limited purely to financial terms. *Id.*

Detectives argue that Section 1620 does not interfere with employees rights to bargain over the permissible subjects articulated in Act 111[5]; despite Section 1620s assignment to the Commissioners of bargaining responsibilities, it does not bestow those Commissioners with the hiring, firing, or daily supervision of the employees. Detectives argue, however, that Commissioners must obtain *input* from county officers to the extent that collective bargaining may implicate such matters, but that Section 1620 does not, by reference to hiring/firing/supervision, remove discipline from the group of bargainable subjects under Act 111.

Detectives further argue that this Court has held that, under Section 1620, the Commissioners are required to merely seek input from Judges and county officers when bargaining for them:

> It is well-settled that the county commissioners are the exclusive managerial representatives for purposes of collective bargaining under [Section 1620] and must consult with the judges of the courts of common pleas and row officers regarding proposals that may affect their powers to hire, discharge, and supervise employees.

*Troutman v. Pennsylvania Labor Relations Board,* 735 A.2d 192 (Pa.Cmwlth.

**5.** Detectives repeat this assertion in relation to the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301 (PERA). However, the Supreme Court has concluded that Section 1620 of the County Code set[s] forth the manner and scope of collective bargaining under PERA. *Pennsylvania Labor Relations Board v. Della Vecchia,* 517 Pa. 349, 353, 537 A.2d 805, 807 (1988) (citation omitted).

1999), *petition for allowance of appeal denied*, 563 Pa. 624, 757 A.2d 937 (2000). Proceeding from that reasoning, Detectives emphasize that in the instant matter, Exhibit B to the Petition confirms that County consulted with the District Attorney concerning the proposal of the Clause at issue. R.R. at 22a. Under *Troutman*, Detectives therefore conclude, the consultation requirement was met.

We disagree with Detectives' reading, and the applicability, of *Lehigh County* and *Troutman* to the facts of the matter *sub judice*.[6] In *Lehigh County*, the Supreme Court did reference consultation with judges, and input therefrom, in relation to their supervisory powers under Section 1620 within the context of collective bargaining, but did not, as Detectives assert herein, hold mere consultation and/or input to be adequate to satisfy Section 1620s express reservation of supervisory powers. The Supreme Court expressly stated:

[C]ontractual terms which actually impair the independence [of the judiciarys supervisory powers under Section 1620] must be declared void and agreements countenancing such terms would totally defeat the purposes of PERA.

*Lehigh County*, 507 Pa. at 279, 489 A.2d at 1330.

Further, *Troutman* addressed facts not at issue herein. In that precedent, the consultation or input obtained from county officers by the commissioners regarding the officers supervisory powers under Section 1620 was indeed held to be adequate, notwithstanding no formal *approval* thereof in the changes made to those powers; however, that consultation/input was found to be valid in the face of the county officers continuous passive abiding of the terms at issue therein for a period of years. *Troutman*, 735 A.2d at 195–196. In essence, long-standing implicit approval was found therein as a result of the county officers extended compliance with the terms. *Troutman*, in fact, expressly stated, in direct contradiction of Detectives characterization of *County of Lehigh* and *Troutman* itself:

In [*Lehigh County* ], our Supreme Court held that [Section 1620] requires prior consultation **and approval** of judges of the courts of common pleas ...

*Id.* at 195 (emphasis added). It is clear, then, that both of these precedents stand directly inapposite to the position of Detectives herein, notwithstanding Detectives rhetoric.

Pennsylvania's Courts have consistently interpreted Section 1620 as rendering unenforceable collective bargaining agreements which seek to impair a county officer's power to supervise, hire, and fire personnel. *See, e.g., Kleinfelter v. Commissioners of the County Of Dauphin*, 850 A.2d 894 (Pa.Cmwlth.2004); *Pennsylvania Social Services Union Local 668 v. Cambria County*, 134 Pa.Cmwlth. 523, 579 A.2d 455 (1990). Our Courts have uniformly upheld the rights of judges and county officers to hire, fire, and supervise their employees, and have invariably dismissed those portions of collective bargaining agreements which posed even the potential for infringement upon those rights. *See, e.g., International Association of Fire Fighters, Local 1803 v. City of Reading*, 160 Pa.Cmwlth. 627, 635 A.2d 727 (1993),

---

**6.** We also disagree with Detectives' attempts to assign any dispositive persuasive value to *Lancaster County v. Pennsylvania Labor Relations Board*, 761 A.2d 1250 (Pa.Cmwlth.2000), *Plumstead*, and *City of Philadelphia v. Penn-* *sylvania Labor Relations Board*, 531 Pa. 489, 614 A.2d 213 (1992). These precedents are factually distinguishable from, and ultimately unpersuasive regarding, the facts of the instant matter.

*petition for allowance of appeal denied,* 539 Pa. 671, 652 A.2d 840 (1994).

The plain language of the Clause at issue herein clearly implicates matters involving discharge and supervision. While interest arbitrators may be able to require the District Attorney to implement changes which legitimately concern the terms and conditions of employment, they cannot disturb the statutory rights described in Section 1620. We agree with the Trial Court that this is particularly true where, as in the instant matter, the District Attorney specifically reserved his Section 1620 rights, which were therefore not within the Boards review.

The Trial Court was correct in its emphasis on the District Attorneys opposition to the Clause, and concomitant refusal to waive his right to supervise and discharge his employees. The Trial Court was also correct that the Detectives reliance upon the mere consultation with the District Attorney was insufficient.

As such, the subject matter of the Just Cause Clause in this matter was beyond both the powers, and the jurisdiction, of the subjects that the Board was authorized to address under the instant facts. 16 P.S. § 1620; *accord Plumstead.*

Accordingly, we affirm.

### ORDER

AND NOW, this 4th day of December, 2007, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.