**James P. TROUTMAN, Clerk of Courts of Common Pleas of Berks County, Pennsylvania, Criminal Division, Mark C. Baldwin, in his capacity as the District Attorney of the County of Berks, Marianne R. Sutton, in her capacity as Prothonotary of the County of Berks, Ellie Antoine, in her capacity as Recorder of Deeds of Berks County, Larry Medaglia, Register of Wills of Berks County, Barry J. Jazwiak, in his capacity as the Sheriff of the County of Berks, Oscar C. Mogel, in his capacity as the Treasurer of the County of Berks, County of Berks,**

v.

**The PENNSYLVANIA LABOR RELATIONS BOARD OF THE DEPARTMENT OF LABOR & INDUSTRY OF THE COMMONWEALTH of Pennsylvania and American Federation of State, County and Municipal Employees, District Council 88.**

**Pennsylvania Labor Relations Board, Appellant.**

**James P. Troutman, Clerk of Courts of Common Pleas of Berks County, Pennsylvania, Criminal Division; Mark C. Baldwin, in his capacity as the District Attorney of the County of Berks; Marianne R. Sutton, in her**

---

capacity as the Prothonotary of the County of Berks; Ellie Antoine, in her capacity as Recorder of Deeds of Berks County; Larry Medaglia, Register of Wills of Berks County; Barry J. Jozwiak, in his capacity as the Sheriff of the County of Berks; Oscar C. Mogel, in his capacity as Treasurer of the County of Berks, County of Berks

v.

The Pennsylvania Labor Relations Board of the Department of Labor & Industry of the Commonwealth of Pennsylvania And American Federation of State, County, and Municipal Employees, District Council 88.

American Federation of State, County and Municipal Employees, District Council 88, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.

Decided July 28, 1999.

Reargument/Reconsideration Denied Sept. 28, 1999.

Alaine S. Williams, Philadelphia, for appellant.

Iva C. Dougherty, Reading, for appellee.

Before COLINS, President Judge, and LEADBETTER, J., and McCLOSKEY, Senior Judge.

COLINS, President Judge.

Before the Court are the appeals of the Pennsylvania Labor Relations Board (PLRB) and the American Federation of State, County, and Municipal Employees, District Council 88 (AFSCME) from a decision of the Court of Common Pleas of Berks County (trial Court) dated August 21, 1998. The trial court vacated a final order of the PLRB that affirmed a hearing examiner's conclusion that the County of Berks, certain elected County officials and

County row officers,[1] and the County Commissioners of Berks County (collectively, County) engaged in unfair practices in violation of the Public Employe Relations Act (PERA).[2]

The factual matrix of this case is as follows. In July 1994, the County and AFSCME engaged in "reopener" negotiations, ultimately resulting in the current collective bargaining agreement between the County and employees working in, and for, the row offices of Berks County. In September 1994, the County personnel director advised all County row officers that contract negotiations with AFSCME were underway and distributed to each of them a memorandum listing the goals that the County hoped to achieve during negotiations. Only one row officer, James P. Troutman, made any contact with the County concerning those negotiations. By letter dated December 19, 1994, Troutman informed the Commissioners that he wished "to retain the right granted to me under Pennsylvania law to hire, fire and discipline employees."

The negotiations between the County and AFSCME resulted in a collective bargaining agreement, which included verbatim section 28.3 from the 1992 collective bargaining agreement. Section 28.3 of the 1992 and 1995 collective bargaining agreements prescribes the required procedures and determinative criteria for the filling of any vacant positions within the scope of the collective bargaining agreement. Specifically, section 28.3 of the 1992 and 1995 collective bargaining agreements require posting of vacancies in row offices and filling of such positions based on qualifications, including seniority.

In February 1995, an AFSCME bargaining unit vacancy within the office of the District Attorney was filled in a manner inconsistent with section 28.3 of the 1995 collective bargaining agreement. AFSCME filed a grievance contesting that action. Subsequently, a number of other vacancies in various County row offices were filled in a manner inconsistent with the requirements of section 28.3 of the 1995 collective bargaining agreement.

On March 9, 1995, AFSCME filed a charge of unfair practices with the PLRB alleging that the County violated PERA by repudiating section 28.3 of its 1995 collective bargaining agreement with AFSCME. On January 18, 1996, the PLRB's hearing examiner entered a proposed decision and order that concluded that the County committed unfair practices in violation of PERA.[3] Thereafter, on February 6, 1996 and February 7, 1996 respectively, the County and AFSCME filed exceptions to the proposed decision and order. On January 20, 1998, the PLRB entered a final order that sustained the exceptions filed by AFSCME, dismissed the exceptions filed by the County, and affirmed the hearing examiner's conclusion that the County engaged in unfair practices in violation of PERA.

The County of Berks and row officers of Berks County then filed petitions for review with the Court of Common Pleas of Berks County challenging the PLRB's final order. On August 21, 1998, the trial court entered an opinion and order vacating the PLRB's final order. The PLRB and AFSCME then filed appeals with this Court from the order of the trial court. On October 26, 1998, this Court entered an order consolidating the two appeals for

1. The County officials involved herein are as follows: James P. Troutman, Clerk of Courts of Common Pleas of Berks County, Pennsylvania, Criminal Division; Mark C. Bladwin, District Attorney of the County of Berks; Marianne R. Sutton, Prothonotary of the County of Berks; Ellie Antoine, Recorder of Deeds of Berks County; Larry Medgalia, Register of Wills of Berks County; Barry J. Jow-iak, Sheriff of the County of Berks; and Oscar C. Mogel, Treasurer of the County of Berks.

2. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

3. Specifically, the hearing examiner found that the County violated subsections 1201(a)(1) and (5) of PERA.

filing of briefs, oral argument, and disposition.[4]

■ It is well-settled that the county commissioners are the exclusive managerial representatives for purposes of collective bargaining under Act 115,[5] and must consult with the judges of the courts of common pleas and row officers regarding proposals that may affect their powers to hire, discharge, and supervise employees. *See, e.g., Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978). Additionally, our Supreme Court stated in *County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 489 A.2d 1325 (1985), that bargaining by county commissioners under Act 115 is not limited solely to financial issues within the control of the Commissioners. The Court opined, "[i]f the rights given to county court employees under PERA are to have any efficacy, those employees must be permitted to bargain with the county commissioners concerning all of PERA's permissible subjects of collective bargaining." *Id.,* 507 Pa. at 279, 489 A.2d at 1330.

Subsequently, in *Pennsylvania Labor Relations Board v. Della Vecchia,* 517 Pa. 349, 537 A.2d 805 (1988), our Supreme Court stated that the logic and the result reached in *Ellenbogen* and *County of Lehigh,* with respect to judges of the courts of common pleas, was equally applicable to cases involving county row officers. The Supreme Court further stated, "[t]he final collective bargaining agreement should ideally cover all aspects bargainable under PERA and should be entered into only after the Commissioners have received input from the respective row officers." 517 Pa. at 356, 537 A.2d at 808.

The crux of the issue involved herein is the level of notice and input required by Act 115. In its final order, the PLRB found mere prior consultation by the county commissioners and passive acquiescence by the row officers to be sufficient, where here the trial court held that Act 115 requires that the county commissioners "make a sincere invitation to the row officials to participate and to be consulted so as to provide meaningful input."

While mindful of the necessity of input from judges and row officers, we can find no basis for the trial court's proclamation. In *County of Lehigh,* our Supreme Court held that Act 115 requires prior consultation and approval of judges of the courts of common pleas because of the potential adverse effect the collective bargaining agreement could have on the judges' ability to perform their primary function, *i.e.,* the administration of justice. The overriding concern is that no collective bargaining agreement should be approved without the opportunity for the judiciary, or row officers, to identify potential consequences of the agreement that may not be readily apparent to the commissioners. The Supreme Court stated, "[t]he county commissioners must consult with the judges in order to ascertain the effect such a proposal may have upon the court if the resulting collective bargaining agreement is to pass constitutional muster." *County of Lehigh,* 507 Pa. at 279, 489 A.2d at 1329.

■ As a matter of law, we find that in the case *sub judice,* Act 115's requirement of input from County row officers has been met. The row officers have been for years continuously aware of any effects and have abided by section 28.3 of the 1995 collective bargaining agreement, as it has been included verbatim in numerous consecutive agreements between the row officers and their employees. Additionally, prior to the commencement of final negotiations with

---

4. Our scope of review is limited to determining whether substantial evidence supports the findings of fact and whether the conclusions based on those findings are reasonable and not arbitrary, capricious, or incorrect as a matter of law. *Joint Bargaining Committee of the Social Services Union v. Pennsylvania La-* *bor Relations Board,* 68 Pa.Cmwlth. 307, 449 A.2d 96 (1982), *aff'd,* 503 Pa. 236, 469 A.2d 150 (1983).

5. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1620.

AFSCME, all row officers were given ample opportunity to communicate potential problems with section 28.3 or any other provisions of the agreement when they were notified in writing and at bi-monthly meetings of the objectives of the county commissioners. However, no objections were raised save one vague communication by James P. Troutman. It is clear to this Court, that the county commissioners presented the row officers with ample opportunity for input regarding these matters sufficient to satisfy Act 115.

Accordingly, the order of the Court of Common Pleas of Berks County is reversed, the final order of the PLRB is reinstated.

McCLOSKEY, Senior Judge, dissents.

## O R D E R

AND NOW, this 28th day of July, 1999, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed, and the final order of the Pennsylvania Labor Relations Board is reinstated.