**ERIE COUNTY and Bob Merski, Sheriff, Appellants**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD.**

Commonwealth Court of Pennsylvania.

Argued May 9, 2006.

Decided Aug. 28, 2006.

Reargument En Banc Denied Oct. 30, 2006.

Matthew W. McCullough, Erie, for appellant.

Warren R. Mowery, Jr., Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, LEADBETTER, Judge and COHN JUBELIRER, Judge.

OPINION BY Judge SMITH–RIBNER.

Erie County and Sheriff Bob Merski appeal from an order of the Court of Common Pleas of Erie County that dismissed their petition to review the final order of the Pennsylvania Labor Relations Board (PLRB). They question whether the PLRB erred in ruling that they committed an unfair labor practice under Section 1201(a)(1) and (5) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.1201(a)(1) and (5), by refusing to permit an employee to bump into a position in the Sheriff's office where the Sheriff retains the sole discretion to hire, supervise and discharge his employees pursuant to Section 1620 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1620, and Article 27.1 of the collective bargaining agreement.

I

The American Federation of State, County and Municipal Employees, District Council 85, Local 2666 (AFSCME) is the certified bargaining agent for County employees in a court-related bargaining unit that includes the Sheriff's office and also a residual unit. In 2003 AFSCME and the County negotiated a Collective Bargaining Agreement (CBA) covering these employees, effective from January 1, 2003 through December 31, 2006. Sheriff Mer-

ski took office in 1998; he was a deputy sheriff since 1980, and for over nine years he was a union steward and served on the negotiating committee during several contract negotiations.

Article 14 of the CBA provides that an employee subject to layoff or whose position is abolished has "bumping" rights with regard to a position occupied by an employee of the same classification in the bargaining unit at equal or lower pay who has less seniority, provided that the more senior employee has the necessary qualifications and ability to satisfactorily perform the duties. The provision was incorporated verbatim from previous CBAs. During negotiations for the current CBA, neither side proposed changes to Article 14. Sheriff Merski was present at one or two bargaining sessions, and he made proposals for drug testing of employees and for a physical fitness policy for deputies.

In 1993 the previous Sheriff refused to abide by seniority-based posting and bidding procedures in Article 13 of the CBA in regard to vacancies in the Sheriff's office. AFSCME filed a grievance, and the arbitrator denied it after concluding that Article 13 was unenforceable as to the Sheriff because it was in conflict with the right of row officers to select their staffs under Section 1620 of The County Code. On appeal, the court of common pleas upheld the denial. In 1998 the Clerk of Records refused to abide by the Article 13 bidding procedure. An arbitrator sustained a grievance in that case, but the trial court reversed, relying on the decision in the earlier case. In 2002 David Orr was laid off after his job in the Weights and Measurements Department was eliminated; he sought to bump into a Deputy Sheriff I position. Sheriff Merski would not permit it but considered Orr for and offered him a Security/Transport Deputy position, which he accepted.

In 2003 Robert Skarupski was informed that his position as Chief Printer in the County Printing Office was to be eliminated. He expressed his desire to bump into a position in the Sheriff's office. Sheriff Merski indicated that he would not allow Skarupski to bump because the Sheriff retains the right to hire, fire and supervise employees under Section 1620 of The County Code. AFSCME filed an unfair labor practice charge with the PLRB. A Hearing Examiner conducted a hearing on the matter, and he issued a Proposed Decision and Order. He concluded, primarily on the basis of the holding in *Troutman v. Pennsylvania Labor Relations Board,* 735 A.2d 192 (Pa.Cmwlth.1999), that the row officers, including Sheriff Merski, had adequate notice of the existence of Article 14 and adequate opportunity for consultation during negotiations such that the requirement of consultation between the row officers and the county commissioners as their representative had been fulfilled and that they were bound by that provision. The County and Sheriff Merski filed exceptions, and in a Final Order the PLRB dismissed the exceptions and made the proposed decision and order final.

The PLRB reviewed the history of interpretations of Section 1620 of The County Code as amended by Section 1 of the Act of June 29, 1976, P.L. 460 (Act 115), in particular *County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 489 A.2d 1325 (1985), and *Troutman,* and stated that bumping rights fall squarely within the definition in Section 701 of the PERA, 43 P.S. § 1101.701, of mandatory subjects of bargaining. The PLRB stated that the key factor in *Troutman* was that Section 1620 is satisfied when consultation or the opportunity for consultation has occurred and that the Hearing Examiner found such consultation here. Because bargaining as to hire, fire and supervisory

issues is not contrary to Section 1620, Article 27.1 of the CBA, relating to legality, did not apply. If Sheriff Merski wished to amend Article 14 of the CBA, it was incumbent upon him to so inform the county commissioners. Any reliance upon the common pleas court decisions noted above was deemed to be misplaced after *Troutman.*

The County and Sheriff Merski petitioned the trial court to review. The trial court noted that under Section 1620 of The County Code as amended by Act 115, county commissioners are restrained from bargaining over terms related to the hiring, discharge and supervision of certain employees, namely those appointed by the common pleas courts or by row officers. Section 1620 had been held to mean that county commissioners "must consult with the judges of the courts of common pleas and row officers regarding proposals that may affect their powers to hire, discharge, and supervise employees." *Troutman,* 735 A.2d at 195.

The trial court referred to the Supreme Court's observation that the final collective bargaining agreement should ideally cover "all aspects bargainable under PERA" and should be entered into only after the commissioners have received input from the respective row officers. *Pennsylvania Labor Relations Board v. Della Vecchia,* 517 Pa. 349, 356, 537 A.2d 805, 808 (1988). Where a CBA has been reached after meeting this consultation requirement, a public employer cannot repudiate its terms by asserting that the CBA is contrary to law. The trial court deemed the facts of the present case, with a provision carried over from prior CBAs and the opportunity for row officers to comment, to be similar to *Troutman,* and it concluded that previous decisions or past practice did not apply after that decision.[1]

## II

Section 701 of the PERA, relating to matters subject to bargaining, provides that public employers and their employee representatives must meet and confer in good faith "with respect to wages, hours and other terms and conditions of employment...." Section 702, 43 P.S. § 1101.702, relating to matters not subject to bargaining, provides in pertinent part:

> Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and *selection* and direction *of personnel.* (Emphasis added.)

The Sheriff is required to appoint a Chief Deputy, whose appointment is revocable at the Sheriff's pleasure on recording of a signed revocation, under Section 1203 of The County Code, 16 P.S. § 1203, and the Sheriff "may appoint such deputies and clerks as may be necessary to properly transact the business of his office" and may revoke the appointment of deputies in the same manner as for the Chief Deputy under Section 1205, 16 P.S. § 1205.

Section 1620 of The County Code, as amended Act 115, provides:

> The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, That with respect to representation

---

1. The Court's review is limited to determining whether substantial evidence supports the findings of fact and whether the conclusions based on those findings are reasonable and not arbitrary, capricious or incorrect as a matter of law. *Troutman.*

proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county, and all elected or appointed county officers having any employment powers over affected employes. *The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervisory rights and obligations with respect to such employes as may be vested in the judges or other county officers.* (Emphasis added.)

In *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), judges sought a declaration as to who was the managerial representative for bargaining with the employees they supervised. The Supreme Court held that the designation in Section 1620 of The County Code of the county commissioners as managerial representatives in bargaining avoided the problem of having too many decision-makers, none with full authority to reach early agreement. In *County of Lehigh* the Supreme Court rejected the argument that the proviso in Section 1620 limited the permissible subjects of bargaining to purely financial terms, stating:

> The proviso merely recognizes that, under PERA, matters affecting the hiring, discharge and supervisory powers of the public employer are not subjects of collective bargaining.... In *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board*, [479 Pa. 440, 447, 388 A.2d 736, 739 (1978)], we rejected the argument of the judges of the Philadelphia Court of Common Pleas that "subjecting 'wages, hours and other terms and conditions of employment' ... to bargaining [would] interfere with their ability to administer justice." ...

Relying on our decision in *Ellenbogen* ..., in which we held that so long as judges retain their authority to select, discharge and supervise court personnel, the independence of the judiciary is unimpaired, we upheld the applicability of PERA to courts of common pleas and their appointees.... Thus under our decisions county commissioners are not prohibited from negotiating "wages, hours and other terms and conditions of employment" *provided such terms do not impinge upon judicial control of hiring, discharge and supervision in some concrete manner.*

*County of Lehigh*, 507 Pa. at 277–278, 489 A.2d at 1329 (emphasis added). In *Della Vecchia* the court noted that *County of Lehigh* reiterated that the Section 1620 proviso did not limit bargaining to purely economic matters, but it recognized that under PERA matters relating to hiring, firing and supervisory powers of the public employer are not subject to bargaining.

This Court specifically considered the powers of a sheriff under Section 1620 of The County Code in *Pennsylvania Social Services Union Local 668 v. Cambria County*, 134 Pa.Cmwlth. 523, 579 A.2d 455 (1990). There the agreement negotiated by the county commissioners included a section stating that nothing therein should affect the rights of judges and other county officers with respect to hiring, discharging and supervising employees as guaranteed in Section 1620, the Pennsylvania Constitution and relevant court cases. When a newly elected sheriff discharged employees under Sections 1203 and 1205 of The County Code and the county refused to arbitrate the discharges, the union filed unfair labor practice charges. The matter was presented to an arbitrator, who concluded that the grievances were not arbitrable under the agreement provision, Section 1620 and *Della Vecchia*. This Court

observed that *Ellenbogen* and *Della Vecchia* reaffirmed that matters affecting the hiring, firing and supervisory powers of public employers under Section 1620 were not subjects of bargaining, whether for courts or row offices. Sections 1203 and 1205 granted the sheriff power to appoint a chief deputy, deputies and clerks and to discharge the chief deputy and deputies. The conclusion that the dismissals were not arbitrable under the provision regarding Section 1620 drew its essence from the terms of the agreement.

The County and Sheriff Merski first argue that *Troutman* is distinguishable because, they assert, in that case the row officers had abided by the bidding provisions of the CBA. In this case, by contrast, there is no evidence that Sheriff Merski or any other row officer ever abided by the provisions of Article 14. As noted above, it was held by the court of common pleas that posting and hiring rights under the CBA could not be enforced against the Sheriff under Section 1620 of The County Code. The same result was reached in regard to hiring rights of the Clerk of Records in 1999. Sheriff Merski actively and successfully asserted his rights under Section 1620 in 2002 in regard to the effort of Orr to bump into a particular position. At no time did Sheriff Merski agree to relinquish his rights. The CBA applies to bargaining units that include employees apart from court employees and those of row officers; thus Article 14 was effective as to employees of other offices and departments.[2] In view of these cases and history, Sheriff Merski had no reason to object to the inclusion of Article 14 in the CBA because such provisions had been held to be unenforceable against his office. He did not have to propose a change to preserve a right that was his already as a matter of law.

The County and Sheriff Merski argue that past practice is relevant and important where there is no evidence that any row officer has ever permitted an employee to bump into a position. They contend that AFSCME should have the burden to propose a change if one were to be made. Finally, the County and Sheriff Merski maintain that enforcement of Article 14 against the Sheriff would violate Section 1620; therefore, Article 27.1 of the CBA, relating to legality, applies. That section states that any provision of the CBA determined by proper authority to be in conflict with statutes, governmental regulations or court decisions shall be automatically adjusted to comply.

The PLRB first asserts that Section 1620 of The County Code does not limit the scope of bargaining for row office employees. The section on its face does not affect preexisting "rights and obligations" of row officers regarding negotiation, and cases such as *County of Lehigh* established that under it the commissioners were not limited to negotiating purely economic issues. In *Pennsylvania Labor Relations Board v. American Fed'n of State, County & Mun. Employees, Dist. Council 84*, 515 Pa. 23, 526 A.2d 769 (1987), the Supreme Court held that the commissioners erred in refusing to bargain on proposals relating to paid sick leave, paid funeral leave, pay for jury duty and shift differential pay for

**2.** Article 2 "Recognition" provides that AFSCME is the bargaining representative for Bargaining Unit "B," a residual unit of clerical-technical employees in the Department of Human Services (MH/MR, Drug and Alcohol and Children and Youth Services), Operations, Finance, Planning, Health, 9-1-1, Elections, Veterans' Affairs, Library and Prison Maintenance, and Bargaining Unit "C," a court-related unit of clerical-technical employees in the departments of Sheriff, Clerk of Records, District Attorney and Public Defender. Joint Ex. 1, R.R. 108a, 113a.

court-appointed staff. The PLRB states that under *Ellenbogen, County of Lehigh* and *Della Vecchia*, the scope of bargaining also includes those negotiable issues that flow from the right of row officials to hire, fire and supervise their work force.

The PLRB argues that "job security" issues such as bumping rights are mandatory subjects of bargaining under Section 701 of the PERA. It contends that to determine whether there is a duty to negotiate job security matters such as bumping rights, the "balancing test" of *Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262 (1975), must be applied, namely, whether the impact of the issue on the interest of the employee in wages, hours and terms and conditions of employment outweighs the probable effect on the basic policy of the system as a whole. It asserts that bumping is a mandatory subject of bargaining under this test, citing *Commonwealth v. Pennsylvania Labor Relations Board*, 125 Pa.Cmwlth. 114, 557 A.2d 1112 (1989) (affirming PLRB decision that Department of Public Welfare was required to bargain over transfer of work outside of a hospital bargaining unit).

The PLRB emphasizes that the County and Sheriff Merski adequately consulted during negotiation of the CBA, and it disputes their contention that the employer in *Troutman* consistently abided by the parties' CBA. The PLRB does not agree that the record shows that AFSCME conceded that Article 14 did not apply to the Sheriff's office, but regardless a union's prior acquiescence to an employer's bargaining violations does not operate as a waiver as to future, similar unfair practices. *Crawford County v. Pennsylvania Labor Relations Board*, 659 A.2d 1078 (Pa.Cmwlth. 1995). Also the PLRB strongly suggests that adopting the policy it formulated in *Troutman* of requiring row officials to inform the commissioners and the union in writing before conclusion of negotiation that the officials' rights and obligations under Section 1620 have been satisfied would serve the interests of all concerned and eliminate wasteful litigation.

Intervenor AFSCME agrees that the consultation that took place here was sufficient under *Troutman*. It asserts as well that the single instance in which Sheriff Merski challenged the application of Article 14 in regard to Orr should not be held to establish a past practice, and it notes that the two common pleas court cases relied upon did not involve Article 14 or Sheriff Merski as a party. AFSCME stresses that it has long been settled that a public employer may not enter into a CBA with its employees' representative and then repudiate that agreement on the grounds of illegality. *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh*, 481 Pa. 66, 391 A.2d 1318 (1978).

■  The Court first rejects the PLRB's argument that bumping rights are a mandatory subject of bargaining where Section 1620 of The County Code applies. In *Ellenbogen, County of Lehigh* and *Della Vecchia*, as noted above, the statutory right of courts and row officers to hire their staffs was very plainly acknowledged and protected. In *Teamsters Local 115 v. Pennsylvania Labor Relations Board*, 152 Pa.Cmwlth. 394, 619 A.2d 382, 389 (1992), this Court referred to those decisions and stated that judges, through collective bargaining, can *voluntarily* limit their absolute right to supervise employees through appropriate procedures, and there is no legal principle suggesting that the same cannot be said of their ability to hire and discharge employees but added: "If it is not voluntarily granted, of course, that would summarily end the matter." Although bumping rights may be mandatory

subjects of bargaining in other contexts, they are not where Section 1620 applies.

■ The Court agrees with the County and the Sheriff that the overall circumstances in *Troutman* are distinguishable and concludes that its holding does not justify removal of the Sheriff's statutory right to hire employees for his office. In *Troutman* the county and union engaged in "reopener" negotiations in July 1994, ultimately resulting in an agreement between the county and the employees of the Berks County row offices. In September the personnel director advised row officers of the objectives, and only Troutman responded; he stated that he wished to retain the right granted under Pennsylvania law to hire, fire and discipline employees. A provision carried over verbatim from prior agreements, section 28.3, required posting of vacancies and filling of positions based on qualifications, including seniority. Various row office positions were filled in a manner inconsistent with section 28.3, and an unfair labor practice charge was filed.

The PLRB in *Troutman* found sufficient notice and acquiescence by row officers and held that the provision was effective, but the trial court required greater efforts to seek involvement of the row officers and reversed. The Court reviewed the requirement as stated in *Ellenbogen, County of Lehigh* and *Della Vecchia* that county commissioners must consult with judges and row officers, and it concluded that the requirement of input from the row officers had been met. The provision had been included verbatim in prior agreements, and row officers were given ample opportunity before the agreement was signed to raise their objections when notified in writing of the objectives. The Court noted that no objections were raised; rather, it perceived one vague comment by Troutman, and it reversed the trial court and reinstated the PLRB decision.

There is no question here that Sheriff Merski never intended to give up what he regarded as his exclusive right to hire employees for his office. Further, there was objective support for his view in the form of common pleas court decisions holding that Section 13, relating to filling jobs through posting and seniority, did not apply to the Sheriff's office or to the Clerk of Records office under Section 1620 of The County Code. Section 13 was not completely voided and removed from the CBA, but under the legality provision of Article 27.1 the CBA was adjusted to comply, meaning that it applied to other employees. Under the overall circumstances, it was reasonable for Sheriff Merski to conclude that the same situation would exist under the new CBA even after *Troutman*. The Court concludes that *Troutman* does not justify removal of the Sheriff's statutory right to hire his employees.[3] Because the trial court's conclusions are based on an error of law, the Court reverses the order of the trial court.

### ORDER

AND NOW, this 28th day of August, 2006, the order of the Court of Common Pleas of Erie County is reversed.

---

**3.** As for the PLRB's efforts to remove some of the incentive for litigation in this area, the Court agrees that row officers upon receiving a copy of the proposed agreement should provide written notification to the commissioners and the unions that the row officers' rights and obligations under Section 1620 have been satisfied.