## WASHINGTON COUNTY

v.

## WASHINGTON COURT ASSOCIATION OF PROFESSIONAL EMPLOYEES, AFL–CIO, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2008.

Decided May 14, 2008.

---

Alaine S. Williams, Philadelphia, for appellant.

Christopher P. Gabriel, Pittsburgh, for appellee.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Washington Court Association of Professional Employees, AFL–CIO (Union) appeals from an order of the Washington County Court of Common Pleas that granted the petition filed by Washington County (County) to vacate the award of an interest arbitration panel. The arbitration award increased the paid work hours for Juvenile Probation Officers I and II and Adult Probation Officers I and II from seven and one-half to eight hours per day.

The Union's statement of the questions involved in this appeal raises two specific matters for review. The first is whether the interest arbitration panel exceeded its authority when it increased the probation officers' workday by thirty minutes where the length of the workday previously had been negotiated by the parties, the County had offered the increased hours in bargaining and the County failed to advise the panel that an award increasing hours would be challenged as an interference with the court's inherent powers. The second is whether the trial court erred in refusing to remand to the interest arbitration panel to refashion and revise the award subject to instructions after the court determined the expanded work hours provision to be invalid.

## I

The trial court found that the Union and the County have been parties to a series of collective bargaining agreements, the most recent being for the period January 1, 2001 through December 31, 2003. In negotiations for a successor agreement, the County was represented by the County Solicitor, the Director of Human Resources and, on behalf of the court, either the Court Administrator, Christine Weller, or, in most cases, the Deputy Court Administrator, Tom Jess. The Union proposed among other things an increase in the work hours from seven and one-half to eight hours per day, initially proposing payment for the currently unpaid one-half-hour lunchtime. The County, as part of a counter proposal, agreed with the request for an eight-hour day but altered it so as not to provide paid lunch. At no time during negotiations did anyone from the County or the common pleas court state that hours of work could not be the subject of bargaining. Work hours had been the subject of bargaining before, and the court

had not asserted that this interfered with its prerogatives.

Because the parties could not resolve the dispute, the Union requested binding interest arbitration under Section 805 of the Public Employe Relations Act (PERA/Act 195), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.805, relating to binding arbitration for guards and court personnel. The neutral arbitrator circulated a proposal with two potential resolutions, both of which included the eight-hour work day, and no one advised him that such a provision would be challenged as an interference of the court's powers. After the award was issued, President Judge David L. Gilmore instructed that the petition to vacate be filed. Although the petition challenged several points, at the time of hearing the only remaining point of disagreement concerned the length of the work day.

The trial court quoted *L.J.S. v. State Ethics Commission*, 744 A.2d 798, 800–801 (Pa.Cmwlth.2000), which states that the Pennsylvania Constitution establishes three separate, equal and independent branches of government and that the courts "have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice" and that "[t]hat power may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon or diminished by another branch of government." The PERA states the public policy of the Commonwealth to promote orderly and constructive relationships between public employers and their employees, Section 101, 43 P.S. § 1101.101, and declares proper subjects of bargaining to include "wages, hours and other terms and conditions of employment...." Section 701, 43 P.S. § 1101.701. The PERA provides for binding arbitration for guards and court personnel in Section 805. Sec-

tion 1620 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1620, provides that in collective bargaining "the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas.... The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations ... as may be vested in the judges...."

The trial court referred to *Eshelman v. Commissioners of County of Berks,* 62 Pa. Cmwlth. 310, 436 A.2d 710, 712 (1981), *aff'd sub nom. Eshelman v. American Federation of State, County & Municipal Employees, Dist. Council 88,* 502 Pa. 430, 466 A.2d 1029 (1983), where the Court stated:

> Because the power to select judicial assistants is an inherent corollary of the judicial power itself, the power to supervise or discharge such personnel flows essentially from the same source.... While Act 195 provides for collective bargaining for the resolution of matters involving wages and other financial terms of employment, the collective bargaining process must not infringe upon the judges' authority to select, discharge, and supervise court personnel.

The trial court concluded that control of the number of hours that court employees work is a subject that implicates the ability of the court to exist and to carry out its constitutional functions. It cited *Judges of Court of Common Pleas of ·Twenty–Seventh Judicial District v. County of Washington,* 120 Pa.Cmwlth. 283, 548 A.2d 1306 (1988), where the Court held that a county

controller could not disregard trial court directives as to approval of pay for employees attending a funeral and for a law clerk taking the bar exam, when relevant collective bargaining provisions had not been pleaded and the matter involved the judiciary's inherent supervisory authority.

■ The parties agreed that in arbitration all prior offers were withdrawn. Mr. Jess testified that the court would not permit interference with its constitutional powers and he might have gone further except that he was interrupted by the Union arbitrator who stated that a recitation of the court's constitutional powers would not be helpful to the board. The trial court concluded that no authority holds that the court could waive its constitutional right to exist and function by failing to assert it specifically to a panel of interest arbitrators. Further, the Union's suggestion that the matter should be remanded to the board of arbitrators was not encompassed in the representation made of the matters remaining, and there is no support in the PERA for such a procedure. Therefore, the trial court simply vacated the award.[1]

## II

■ The Union first argues that the parties previously negotiated the length of the work day, that the County offered the increased hours in bargaining and that it failed to advise the panel that an award increasing hours would be challenged. The enactment of the PERA in 1970 granted public employees, including those of counties, the right to organize and to freely choose their representatives, and it placed on public employers and unions the

---

1. In review of an arbitration panel's award challenged on the basis of claimed infringement upon the constitutional powers of the trial court, no deference is required to be given to the arbitration panel's decision, and the reviewing court may decide on the basis of an independent review of the evidence and an error of law standard of review. *Lancaster County v. Pennsylvania Labor Relations Board,* 761 A.2d 1250 (Pa.Cmwlth.2000).

obligation to bargain "in good faith with respect to wages, hours and other terms and conditions of employment...." Section 701, 43 P.S. § 1101.701. Because the judges and row officers were co-employers with county commissioners, all had to be represented in bargaining. *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978). By the Act of June 29, 1976, P.L. 460, the legislature amended Section 1620 of The County Code to add the language quoted above, designating the county commissioners as representatives in bargaining for judges and county officers but expressly reserving the "hiring, discharging and supervising rights and obligations" of the judges.

██ In *County of Lehigh v. Pennsylvania Labor Relations Board,* 507 Pa. 270, 277, 489 A.2d 1325, 1329 (1985), the Supreme Court stated that the proviso in Section 1620 of The County Code "does not limit the permissible subject of bargaining to purely financial terms." A reviewing court must specifically analyze each of the disputed provisions to decide which, if any, infringe upon the independence of the judiciary, and it must uphold those provisions that do not. *See Pennsylvania Labor Relations Board v. American Federation of State, County & Municipal Employees, Dist. Council 84,* 515 Pa. 23, 526 A.2d 769 (1987) (analyzing provisions for sick leave and funeral leave, pay for jury duty and shift differential and holding that all were permissible areas of bargaining but that sick and funeral leave provisions appeared to impact on court's supervisory authority and thus required prior consultation). Judges may refuse to agree to a particular proposal but may not refuse to bargain over a mandatory subject of bargaining. *Lancaster County v. Pennsylvania Labor Relations Board,* 761 A.2d 1250 (Pa.Cmwlth.2000) (affirming order that county committed unfair labor practice when it refused to submit to arbitration issues regarding union proposal that the president judge stated would interfere with the right to hire, fire and direct court personnel).

Here a Union official testified that in 1993 work hours were expanded from six and one-half to seven hours by virtue of an interest arbitration award that was not appealed. In 2001 the parties' negotiated agreement expanded hours to seven and one-half. The Union argues that the County and the judiciary agreed to expand the work day and used the extra two and one-half hours of weekly pay to demonstrate that probation officers could contribute more toward their health care premiums. In *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978), the Supreme Court held that a city could not assert the defense that a grievance arbitration procedure to which it had agreed violated the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005, and therefore was prohibited by Section 703 of the PERA, 43 P.S. § 1101.703. Union officials testified that the hours of work proposal had a significant impact on the bargaining unit employees and that if the County and the court had indicated that it was a forbidden subject of bargaining, the Union would have modified and recast its financial demands.[2]

The County in response asserts that the Union now attempts to cast the question as one of equitable estoppel, when it did

2. In its brief, the Union refers to its president's testimony that the additional thirty minutes per day represented approximately 130 hours per year and that multiplying the $18.24 average hourly rate for a probation officer amounted to $2370 per year in additional wages. *Id.* at 23.

not present that theory to the trial court. On the merits, the County maintains that the court adequately reserved its constitutional right and that the award was properly vacated. It quotes *First Judicial District of Pennsylvania v. Pennsylvania Human Relations Commission*, 556 Pa. 258, 727 A.2d 1110 (1999), concerning a Human Relations Commission inquiry into a court's practices, which indicated that a non-judicial agency's involvement in running the courts can never survive constitutional scrutiny, and it reviews the history of Section 1620 of The County Code, including the amendment by Section 1 of the Act of June 29, 1976, P.L. 460, to add language quoted above clarifying that county commissioners should have sole power to represent judges of the court of common pleas in collective bargaining but that the exercise of such power should not affect the hiring, discharging and supervising rights of judges.

The County cites cases including *Eshelman, American Federation of State, County & Municipal Employees, Dist. Council 84, Ellenbogen* and *County of Lehigh* for rulings that the Pennsylvania Constitution prohibits any application of the PERA to vest arbitrators with authority to impair the hiring, discharging and supervising rights of the court. It points out that the sole issue in *County of Lehigh* was whether personal secretaries of judges were confidential employees who could not be included in a bargaining unit. Also, the County submits that cases have evolved away from the Union's position that county commissioners must bargain over all terms and conditions of employment. In *Lancaster County* this Court affirmed a decision that the county committed an unfair labor practice by refusing to negotiate or arbitrate over various proposed provisions that the common pleas court identified as infringing on its supervisory powers.

■ The Court explained in *Lancaster County* that instead of taking issues "off the table" by refusing to negotiate them, a court should await the arbitration award and then appeal to determine if the award impermissibly impinges upon the court's authority. On review, the Court need not give deference to the arbitration panel's decision regarding the courts' right to hire, fire and direct personnel because it involves interpretation of The County Code and the separation of powers issue.

■ The County posits that the Union's position is that the court did not preserve its reservation of rights in an effective manner, making only a "general" reservation of powers rather than identifying the specific right it wished to reserve. The County dismisses the Union's assertion that it would have modified and recast its financial demands if the court had made it clear that work hours was a forbidden topic as a shallow equitable estoppel argument. A party advancing that theory must prove that it took some action or executed an agreement in detrimental reliance on something that the other party said or did. *Card v. Pennsylvania School Employes' Retirement Board*, 83 Pa. Cmwlth. 602, 478 A.2d 510 (1984). There was no agreement in this case; rather, the neutral arbitrator imposed an award to which the Union agreed but the County's arbitrator dissented.

The County additionally maintains that the Union's reliance upon proposals that were exchanged during negotiations is improper as offers made during negotiations in an attempt to settle bargaining disputes before arbitration generally are excluded from the record. Finally, the County discounts the Union's "fundamental fairness" argument and contends that the Union was not misled but instead was represented by experienced counsel who knew that the draft arbitration award circulated by the

neutral arbitrator violated the law and that the court had warned that it would not tolerate infringement upon its rights.

The Court concludes that the authority upon which the Union relies supports its basic premise that the award does not unconstitutionally infringe upon the rights of the common pleas court. As far back as its decision in *Ellenbogen* the Supreme Court noted that most of the matters properly within the scope of mandatory bargaining under the PERA concern wages and other financial terms of employment, which do not affect judges' authority over essential areas of hiring, discharging and supervising of court personnel and do not hinder the court's ability to administer justice. It added: "Further, if results of bargaining pose a genuine threat to the judicial function, nothing in Act 195 or our decision precludes the judiciary from taking steps reasonably necessary to assure the independence of the judicial branch." *Ellenbogen,* 479 Pa. at 438, 388 A.2d at 735.

In *County of Lehigh* the Supreme Court took a practical approach to infringement questions. Citing *Ellenbogen* and *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978), it stated that "county commissioners are not prohibited from negotiating 'wages, hours and other terms and conditions of employment' provided such terms do not impinge upon judicial control of hiring, discharge and supervision in some concrete manner." *County of Lehigh,* 507 Pa. at 278, 489 A.2d at 1329. It explained:

> For example, a shorter work day, increased vacation time or additional paid holidays might be considered in return for a smaller wage increase. Such a compromise may be acceptable to the county commissioners and the union. However, the decrease in total work hours might adversely affect the administration of justice. The county commissioners must consult with the judges in order to ascertain the effect such a proposal may have upon the court if the resulting collective bargaining agreement is to pass constitutional muster. *If it is determined that there would be no adverse impact there is no reason why the proposal should not be embodied in the collective bargaining agreement. It would be contrary to the public interest to bar such terms on the ground that they may impair the judges' "supervisory" authority in the abstract when the simple solution of prior consultation with the judges themselves is available.* *Id.* at 279, 489 A.2d at 1329–1330 (emphasis added).[3]

In *American Federation of State, County & Municipal Employees, Dist. Council 84,* the Supreme Court considered whether a county committed an unfair labor practice by refusing to bargain with the court-

---

3. The central issue in *County of Lehigh* was whether judicial secretaries are confidential employees, but the Supreme Court's extended discussion of how to determine whether particular negotiated provisions impinge on rights under Section 1620 has been cited and applied often. *See Pennsylvania Labor Relations Board v. Della Vecchia,* 517 Pa. 349, 537 A.2d 805 (1988); *American Federation of State, County & Municipal Employees, Dist. Council 84; Erie County v. Pennsylvania Labor Relations Board,* 908 A.2d 369 (Pa. Cmwlth.2006), *appeal denied,* 591 Pa. 738,

921 A.2d 498 (2007); *Troutman v. Pennsylvania Labor Relations Board,* 735 A.2d 192 (Pa. Cmwlth.1999). The discussion in *County of Lehigh* was in refutation of the Pennsylvania Labor Relations Board's assertion that judges did not represent themselves and therefore were not "associated with collective bargaining" under Section 301(13) of the PERA, 43 P.S. § 1101.301(13), so their secretaries could not be within the definition of confidential employees. Thus the discussion was an essential part of the analysis and was not dictum.

appointed employees' representative over subjects of paid sick leave, paid funeral leave, paid jury duty and shift differential. The court stated that resolution turned on whether inclusion of the subject matter of the provision in question in an agreement would interfere with inherent rights of the judiciary to hire, discharge and supervise its personnel. The court quoted at length from *Ellenbogen, Commonwealth ex rel. Bradley* and *County of Lehigh* and examined specific terms of each of the disputed subjects.[4]

In the present case, it is necessary to examine the specific provision that was appealed, *i.e.,* increasing the probation officers' paid work day from seven and one-half to eight hours, to determine whether it would impinge upon judicial control of hiring, discharging and supervision in some concrete manner. *County of Lehigh.* It is not enough to bar such a term on the ground that it might impair the judges' supervisory authority in the abstract. *Id.* The provision is to increase paid work hours by one-half hour per day. It is not to reduce hours by some substantial amount. The trial court's assertion that the provision implicated the ability of the court to exist and to carry out its constitutional functions is patently untenable.

The change in the hours of work was proposed as an accounting device of granting pay for the one-half hour lunch period as a mechanism for increasing the probation officers' overall wages. The trial court found that through its counter-pro-posal the County accepted the increase in hours but not the paid lunch period. The provision therefore improves rather than threatens the likelihood of the accomplishment of the probation officers' work and in no sense threatens the existence or function of the court. Although the specifics of an awarded provision must be considered to determine how they affect the court, the trial court offered no such analysis. The trial court simply concluded contrary to *County of Lehigh, Commonwealth ex rel. Bradley* and other cases that any provision affecting hours necessarily threatened the ability of the court to exist and to carry out its functions. The trial court's citation to *Judges of Court of Common Pleas of Twenty–Seventh Judicial District* was inapposite, where that case merely involved a conflict generated by the county controller's refusal to approve payment of certain leave pay to employees based on a collective bargaining agreement or county policy when the scope of the controller's supervision of fiscal affairs did not include management decisions.

In conclusion, the Court holds that the trial court erred in determining that the arbitration award increasing the paid work hours for the probation officers should be vacated because it implicates the ability of the court to exist and to carry out its constitutional functions. Clear precedent from the Supreme Court supports determining otherwise. The Court therefore reverses the order of the trial court. In view of its disposition, the Court need not address the question of whether this mat-

---

4. The Court stated the following in a recent case involving a District Attorney's appeal from a grievance arbitration award resulting from his refusal, based upon his claim of rights of supervision under Section 1620, to abide by a collective bargaining provision setting the number of hours per week and scheduling for detectives:

   [T]he term "supervision" is not defined to include setting the number of hours in a work day or work week, nor is such a proposition necessarily obvious. Indeed, the fact that a different provision of the CBA specifically mandates the number of hours in a work day and work week would suggest to the contrary.

   *Rebert v. York County Detectives Ass'n,* 909 A.2d 906, 910–911 (Pa.Cmwlth.2006).

ter should be, or even could be, remanded to the arbitrators to refashion and revise the award subject to instructions.

### ORDER

AND NOW, this 14th day of May, 2008, the order of the Court of Common Pleas of Washington County is reversed.

### DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent. While I believe that the arbitrator has the authority to resolve matters regarding the hourly wage paid to court personnel, I do not believe that the arbitrator has the authority to infringe upon the judiciary's authority to determine work hours or the length of the work day. By mandating that the extra one-half hour of compensation be attributed to the one-half hour lunch period, the arbitrator infringed upon the judiciary's right to supervise its employees. If an employee is being paid for eight hours of work, when those eight hours will be performed is purely within the discretion of the judiciary and cannot be dictated through an arbitration award. To hold otherwise goes against the well settled principle that the judiciary has an inherent right to regulate its employees in order to ensure the continued function of the court system. *See L.J.S. v. State Ethics Commission*, 744 A.2d 798 (Pa.Cmwlth.2000). Accordingly, I would affirm the order of the trial court granting the petition to vacate the award of the interest arbitration panel.