IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Erie,                                    :
                                                   : No. 1996 C.D. 2015
                          Appellant                : Argued: April 11, 2016
                                                   :
              v.                                   :
                                                   :
American Federation of State,                      :
County and Municipal Employees                     :
District Council 85, Local 2666                    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY SENIOR JUDGE FRIEDMAN                    FILED: May 12, 2016


The County of Erie (County) appeals from the September 11, 2015, order of the Court of Common Pleas of Erie County (trial court) denying the County's petition to vacate an arbitration award (Petition). We affirm.


Thomas Flores, Jr. has been a deputy sheriff with the County Sheriff's Department (Department) since March 2009. In June 2014, the County Sheriff (Sheriff) moved Deputy Sheriff Wolf, who was previously a school resource officer (SRO), back to the courthouse because the school had eliminated Wolf's SRO position. Because Wolf had more seniority than Flores, Wolf bumped Flores from his position pursuant to section 14.4 of the collective bargaining agreement (CBA).[1]

---

[1] Section 14.4 of the CBA states:

   An employee who is scheduled for a layoff has the right to apply for and shall be
   eligible in accordance with the seniority provision for any job vacancy within his/her

**(Footnote continued on next page…)**

Flores then sought to use his seniority to bump a less-senior deputy, but the Sheriff denied him that option. The Sheriff reassigned Flores to front-door security at the courthouse, which resulted in a decrease in pay and the loss of on-call and overtime pay.

On June 26, 2014, the American Federation of State, County and Municipal Employees District Council 85, Local 2666 (Union) filed a grievance[2] on Flores' behalf, asserting that Flores was demoted arbitrarily and without just cause. The matter proceeded to arbitration on December 19, 2014. Although the County did not dispute that the Sheriff's conduct violated the CBA, it argued that section 1620 of The County Code (Code), Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §1620, applied.[3] The County argued that under section 1620 of the Code, the Sheriff,

---

**(continued…)**

> own classification, or an equal or lower paid, less responsible classification within the [American Federation of State, County and Municipal Employees (AFSCME)] bargaining unit of County government, or [a] position which is occupied by an employee of the same classification or an equal or lower paid, less responsible classification with said AFSCME bargaining unit who has less seniority, provided the most senior employee possesses the necessary skills, qualifications, and ability to satisfactorily perform the functions, duties, and responsibilities of the remaining job. This procedure shall be known and referred to as "bumping". Employees shall have forty-eight (48) hours to exercise their bumping rights; this excludes weekends and holidays.

(R.R. at 12a.)

[2] The Union filed four grievances, which were consolidated.

[3] Section 1620 of the Code provides in relevant part:

> [W]ith respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes

**(Footnote continued on next page…)**

as a row officer, has the discretion to move any employee into any position, regardless of the CBA. The County also argued that the Sheriff has the discretion to allow partial bumping rights. The Union argued that Flores was demoted without just cause and was arbitrarily moved to a lower-grade position when he was not the least-senior deputy. The Union also challenged the Sheriff's refusal to allow Flores to bump another less-senior deputy.

On January 20, 2015, the arbitrator sustained the Union's grievance, concluding that Flores was demoted without just cause and that the Sheriff violated section 14.4 of the CBA by denying Flores his bumping rights. The arbitrator declined to interpret section 1620 of the Code as granting the Sheriff absolute discretion to void bargained-for terms of the CBA.

On February 13, 2015, the County filed its Petition, asserting that the arbitration award violated the Sheriff's rights under section 1620 of the Code. After briefing and oral argument, the trial court denied the County's Petition. In its opinion, the trial court explained:

---

**(continued…)**

> paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. *The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.*

16 P.S. §1620 (emphasis added).

3

[T]he instant matter involves the Sheriff's act of demoting Flores without cause and arbitrarily moving him to a lower grade/lower pay position, when he was not the least senior deputy[,] and precluding him from exercising his bumping rights under the CBA. The Court agrees with the Arbitrator and declines to interpret Section 1620 of the County Code as allowing the Sheriff to "arbitrarily reassign employees to any job, at any time, despite contractual language to the contrary." This Court further declines to interpret the phrase "supervising rights and obligations" under [section 1620 of] the County Code as allowing the Sheriff to randomly demote a deputy, without cause, to a lower pay position without the ability to bump a less senior deputy.

(Trial Ct. Op. at 7.) The County now appeals from that decision.[4]

First, the County asserts that the trial court erred in concluding that Flores was demoted arbitrarily and without just cause. We disagree.

The County claims that the Sheriff was exercising his supervisory powers under section 1620 of the Code when he reassigned both Wolf and Flores. According to the County, the Sheriff's decision to reassign Flores to front-door security was neither a demotion nor was it arbitrary because the reassignment was precipitated by the elimination of Wolf's SRO position. At the time, there were no

_____

[4] A labor arbitration award must draw its essence from the CBA and may be vacated only if it violates the essence test. *County of Lehigh v. Lehigh County Deputy Sheriffs' Association*, 52 A.3d 376, 379 n.3 (Pa. Cmwlth. 2012). We will uphold an arbitration award if the arbitrator's interpretation can be rationally derived from the CBA. *Id.* However, an arbitration award that satisfies the essence test will not be enforced if it violates an explicit public policy. *Pittsburgh Board of Public Education v. Pittsburgh Federation of Teachers*, 105 A.3d 847, 852 (Pa. Cmwlth. 2014). Here, the trial court determined that "the issue [in this case] is not whether the arbitrator's award meets the essence test, but rather whether it violated an explicit public policy." (Trial Ct. Op. at 5.)

positions available in the Department other than an SRO position, which Flores admittedly did not want, and a front-door security position, which is where Flores was transferred.[5]

We agree with the trial court that section 1620 of the Code cannot be interpreted as granting the Sheriff absolute discretion to reassign his employees to any job at any time despite contractual language to the contrary. As the arbitrator properly found, there was no showing that the Sheriff's decision to reassign Flores to front-door security was based on Flores' job performance or any operational needs. (Arb. Op. at 13.) What constitutes "supervision" is a question for the arbitrator, and this court must defer to that interpretation. *See Rebert v. York County Detectives Association*, 909 A.2d 906, 910-11 (Pa. Cmwlth. 2006). We conclude that the arbitrator and the trial court properly declined to interpret "supervising rights" in section 1620 of the Code as granting the Sheriff unfettered discretion to contravene bargained-for terms of the CBA.

Next, the County asserts that the trial court erred in disregarding *Erie County v. Pennsylvania Labor Relations Board*, 908 A.2d 369 (Pa. Cmwlth. 2006), and *Troutman v. American Federation of State, County and Municipal Employees,*

---

[5] Both in its brief and at oral argument, the County asserted that the Sheriff initially offered to move Flores to an equal-grade position in the firearms department, but Flores declined. This claim, however, is unsupported by the record. The arbitrator found that although Flores and the Sheriff had casually discussed a firearms position, Flores did not believe that he had been formally offered that position. (Arb. Op. at 6.) In any event, the County did not raise this issue in its Petition, nor did the trial court address it in its opinion.

5

*District Council 88, AFL-CIO*, 87 A.3d 954 (Pa. Cmwlth.) (*en banc*) (*Troutman II*), *appeal denied*, 99 A.3d 927 (Pa. 2014), in rendering its decision.[6]

In *Erie County*, the Pennsylvania Labor Relations Board found that the sheriff committed an unfair labor practice by refusing to permit a county employee from another department to bump into the sheriff's office under the CBA. 908 A.2d at 375-76. On appeal, this court stated that the bumping rights of public employees are not a mandatory subject of collective bargaining as applied to the sheriff's office, which retains sole discretion to hire, supervise, and discharge employees under section 1620 of the Code. *Id.* We emphasized that the sheriff has the right to prohibit someone *outside* his department from bumping into it under the "hiring" prong of section 1620 of the Code. *Id.* at 376. Therefore, we held that the sheriff did not intend to relinquish his exclusive right to hire employees for his office. *Id.*

More recently, in *Troutman II*, this court reiterated the principle stated in *Erie County* that the bumping rights of public employees are not a mandatory subject of collective bargaining. *Troutman II*, 87 A.3d at 964. We also noted that the statutory rights of row officers to hire their own staff is "'very plainly acknowledged and protected'" by section 1620 of the Code. *Id.* (quoting *Erie County*, 908 A.2d at 375). Thus, this court held that county row officers, who expressly objected to the seniority and just-cause provisions of a CBA, could not be found to have tacitly acquiesced to those provisions. *Id.* at 964-65.

---

[6] This court previously decided a related case, *Troutman v. Pennsylvania Labor Relations Board*, 735 A.2d 192 (Pa. Cmwlth. 1999) (*Troutman I*), which was addressed in *Erie County*.

6

We conclude that the trial court properly distinguished *Erie County* and *Troutman II* from the facts of this case. Neither *Erie County* nor *Troutman II* interpreted or applied the "supervising rights" provision of section 1620 of the Code. *Erie County* did not involve intra-departmental bumping; it involved the bumping of an employee from *another* county department *into* the sheriff's department, which infringed on the sheriff's right to hire his own employees under section 1620 of the Code. Here, Flores had worked in the Department for five years before he sought to bump into another position *within* the Department; thus, this case did not implicate the Sheriff's hiring rights. Flores' demotion was also not disciplinary in nature. It is undisputed that Flores was a good employee and satisfactorily performed his duties as a deputy sheriff. (Arb. Op. at 13, 15.) Moreover, unlike *Troutman II*, there was no showing here that the Sheriff had objected to the bumping-rights provision of the CBA.

We agree with the Union that "supervising rights" in section 1620 of the Code cannot be interpreted as allowing one employee to internally bump pursuant to the CBA while arbitrarily denying another employee that same right. We conclude that the arbitrator's award in this case does not encroach upon the Sheriff's authority to supervise his employees.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Erie,                          :
                                         : No. 1996 C.D. 2015
                              Appellant  :
                                         :
                    v.                   :
                                         :
American Federation of State,            :
County and Municipal Employees           :
District Council 85, Local 2666          :

# O R D E R

AND NOW, this 12th day of May, 2016, we hereby affirm the September 11, 2015, order of the Court of Common Pleas of Erie County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge